## COMMONWEALTH vs. PETER P. BIANCO
(and six companion cases[1]).

Berkshire.  June 13, 1983. — September 27, 1983.

Present: HENNESSEY, C.J., NOLAN, LYNCH, & O'CONNOR, JJ.

*Assault and Battery.  Practice, Criminal,* Indictment placed on file, Sentence, Speedy sentencing.  *Constitutional Law,* Speedy sentencing, Cruel and unusual punishment.  *Due Process of Law,* Sentence, Indictment placed on file.

Where defendants had been convicted at a single trial on indictments charging involuntary manslaughter and assault and battery, and the latter indictments had been placed on file without the defendants' objection, no error appeared in the judge's action, following reversal of the manslaughter convictions by this court, in imposing sentences on the convictions of assault and battery notwithstanding the lack of any showing of intervening misconduct by the defendants.  [257]

A delay of sixteen months between the date defendants' assault and battery indictments had been placed on file without their objection and the date they were sentenced on those indictments did not, in the circumstances, violate any asserted constitutional right to a speedy sentencing.  [257-258]

Due process principles did not preclude a judge from imposing appropriate sentences on criminal defendants whose indictments he had initially ordered placed on file without their objection following verdicts of guilty.  [258-259]

The record in a criminal case did not support the defendants' claim that the judge, in imposing eighteen-month sentences on them for assault and battery, improperly considered the deaths of the victims which had resulted in manslaughter convictions reversed on appeal to this court.  [259-260]

Sentences of eighteen months' imprisonment imposed on defendants convicted of assault and battery were not, in the circumstances, so disproportionate to the offenses charged as to constitute cruel or unusual punishment in violation of art. 26 of the Declaration of Rights of the Massachusetts Constitution.  [260-262]

---

[1] The other cases are against Joseph F. Burke, Robert Walker, Bruce C. Kern, Mark E. Hinman, Todd Terpak, Stephen Piretti.

There was no merit to criminal defendants' contention that sentences of eighteen months' imprisonment for assault and battery were so severe as to indicate a violation of due process principles expressed in *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975). [262-263]

Defendants sentenced to eighteen months' imprisonment on convictions of assault and battery which the judge had initially, without their objection, ordered placed on file, failed to demonstrate that the severity of the sentences violated equal protection principles. [263-264]

INDICTMENTS found and returned in the Superior Court Department on July 9, 1981.

The cases were tried before *Simons,* J., who ordered the indictments placed on file. After the decision of this court in 388 Mass. 358 (1983), sentences were imposed by him.

The Supreme Judicial Court granted a request for direct appellate review.

The case was submitted on briefs.

*David P. Connor, Kermit Goodman & Miriam Gersh* for Peter P. Bianco.

*Joseph C. Vosit* for Mark E. Hinman.

*William K. Danaher, Jr.,* for Joseph F. Burke.

*Henry J. Boitel,* of New York, for Todd Terpak.

*Imelda C. LaMountain* for Bruce C. Kern.

*Frank E. Antonucci* for Stephen Piretti.

*Brownlow M. Speer* for Robert Walker.

*Anthony J. Ruberto, Jr.,* District Attorney, & *Daniel A. Ford,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. The seven defendants each were convicted by a jury on two indictments charging involuntary manslaughter and one indictment for assault and battery. The trial judge imposed two and one-half year sentences on the manslaughter convictions and he placed the assault and battery convictions on file without the defendants' objection. On March 9, 1983, we set aside verdicts of guilty and ordered judgments to be entered for the defendants on the indictments charging manslaughter. *Commonwealth* v. *Bianco,* 388 Mass. 358 (1983). However, with respect to the indictments charging assault and battery, we held that "the judge in the Superior Court is permitted, but not required, to sentence the defendants on these indictments." *Id.* at 370. We

noted that "[e]ach defendant is entitled to have his case finally disposed of and judgment entered, and may demand that he be sentenced or discharged." *Id.* On April 15, 1983, a hearing was held before the judge on the Commonwealth's motion to impose sentences on the assault and battery convictions that had been placed on file. The judge allowed the motion and sentenced each defendant to eighteen months in a house of correction. The defendants moved for stays of execution pending appeal. The judge denied the applications for stay. The denials were upheld by a single justice of the Appeals Court and its Chief Justice and by a single justice of this court. The defendants appealed. The defendants also appealed from the sentences imposed and we allowed their application for direct appellate review. In an order entered June 29, 1983, we affirmed the judgments of conviction and the order of the single justice with an opinion to follow. This is the opinion.

We summarize the facts relating to the issues raised by the defendants. A more thorough discussion of the underlying facts may be found in *Commonwealth* v. *Bianco, supra* at 360-362.

On June 4, 1981, the defendant Burke and another youth, David Carpenter, were assaulted by the victims, Barry Griffin and Richard Retzel, and another youth, Patrick Mangin. The defendant Bianco was informed of this assault and later that night, while at a party attended by all seven defendants, announced, "[B]eating up David Carpenter is like beating up [my] little sister, and they are not going to get away with that . . . . We will go kick ass." The seven defendants spotted the Cadillac automobile the victims were driving and followed them to Laurel Lake, in Lee. The defendants began yelling and knocking on the windows of the Cadillac. Retzel and Griffin were pulled from the Cadillac and a fist fight ensued. Some of the defendants engaged in punching and kicking Mangin, Retzel, and Griffin. The defendant Terpak reached in to the driver's side and made a sweeping downward movement with his hand. The car began to roll down toward the water, but Griffin and

Retzel jumped inside the vehicle and stopped the car momentarily. However, the front wheels then lifted off the ground and the car plunged into the water. The defendants fled the scene. Retzel and Griffin drowned.

1. *Removal of the indictments from the file.* The defendants argue that the judge erred in removing the assault and battery indictments from the file in the absence of any showing of intervening misconduct by them. We disagree.

It has long been a common practice in this Commonwealth, after a guilty verdict, for a judge to place an indictment on file if "public justice does not require an immediate sentence." *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 136 (1874). Such an order is not a final judgment but is a mere suspension of active proceedings. *Id.* It is always within the power of the court to impose a sentence on such an indictment. *Marks* v. *Wentworth,* 199 Mass. 44, 45 (1908). See *Commonwealth* v. *Brandano,* 359 Mass. 332, 336 (1971). The defendants have cited no authority in support of their argument that intervening misconduct must be shown. We conclude that the judge was correct in removing the indictments from the file.[2]

2. *Prompt disposition.* The defendants were indicted on July 9, 1981. The jury returned their verdicts on November 19, 1981, and the assault and battery indictments were placed on file on December 4, 1981. We transferred the appeals to this court on our own motion. The case was entered on our docket in September, 1982. On March 9, 1983, we reversed the judgments on the manslaughter convictions and remanded the case to the Superior Court for further disposition. We denied the Commonwealth's petition for rehearing on March 30, 1983, and the rescript was entered in Superior Court on April 1, 1983. See Mass. R. A. P. 23, as amended, 367 Mass. 921 (1975). On April 7, 1983, the Commonwealth filed motions to remove the assault and battery indictments from the file and for the judge to impose appro-

---

[2] We find nothing in the record to establish the defendants' claim of an equal protection clause violation in this context. See generally *Commonwealth* v. *Franklin Fruit Co.,* 388 Mass. 228, 229-230 (1983).

priate sentences. On April 15, 1983, the judge held a hearing, allowed the Commonwealth's motions, and imposed sentences on the assault and battery indictments.

The defendants argue that the delay between the date the assault and battery indictments were placed on file and the date they were sentenced on those indictments violated their asserted constitutional right to prompt sentencing. We disagree. Assuming, arguendo, that there is a constitutional right to a speedy sentencing,[3] no such constitutional right has been infringed in the case before us. Our rescript was entered in the Superior Court on April 1, 1983. Six days later the Commonwealth filed the motions requesting the judge to remove the indictments from the file and to sentence the defendants. Eight days thereafter, the judge sentenced the defendants. There was no prosecutorial delay.

3. *North Carolina v. Pearce.* The defendants argue that removal of the indictments from the file, and the imposition of the sentences, violated the due process principles articulated by the United States Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711 (1969). We conclude that *North Carolina v. Pearce* does not apply to these facts.

In the *Pearce* case, the United States Supreme Court held that where a judge imposes a more severe sentence on a criminal defendant upon a retrial after a successful appeal, the due process clause of the Fourteenth Amendment to the United States Constitution requires the judge to state affirmatively his reasons for doing so and to set forth sufficient findings to support this decision in order that an appellate court may make a determination whether the harsher sentence was precipitated by judicial or prosecutorial vindictiveness. *Id.* at 723-726. See *Blackledge v. Perry*, 417 U.S. 21, 27-29 (1974) (prosecutorial vindictiveness). See also *McHoul v. Commonwealth*, 365 Mass. 465, 470-471 (1974). In the case before us the judge placed the assault and battery indictments on file without the defendants' objection. Placing an indictment on file is not equivalent to sentencing

---

[3] See *Pollard v. United States*, 352 U.S. 354, 361-362 (1957); *Commonwealth v. McInerney*, 380 Mass. 59, 65-66 (1980).

a defendant. *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 136 (1874). Thus, no sentences had been imposed prior to the defendants' appeals. Accordingly, the defendants' argument that the judge imposed more severe sentences after their successful appeal misses the mark. As we have already indicated, it is always within the power of the court to remove an indictment from the file and to impose a sentence thereon. *Marks* v. *Wentworth,* 199 Mass. 44, 45 (1908). We do not read the due process principles embodied in *North Carolina* v. *Pearce, supra,* and its progeny as precluding a judge from taking such action.

4. *Sentencing considerations.* The defendants argue that, in imposing the eighteen-month sentences on the assault and battery convictions, the judge improperly considered the deaths of the victims. This, the defendant claims, resulted in their being punished for crimes which they did not commit.[4] We disagree.

The record fails to support the defendants' claim that the judge considered the victims' deaths in imposing the sentences. When asked by defense counsel about assigning a factor for death in the sentencing guidelines, the judge responded that he was not suggesting that he was following the guidelines.

A judge has discretion to consider a broad range of information in imposing sentence. *Commonwealth* v. *Celeste,* 358 Mass. 307, 309-310 (1970). *Williams* v. *New York,* 337 U.S. 241, 247 (1949). However, the exercise of this discretion is limited by the due process clause. Due process requires that in sentencing a judge must not punish a defendant for conduct other than that for which he was convicted. *Commonwealth* v. *LeBlanc,* 370 Mass. 217, 221 (1976). *United States* v. *Eberhardt,* 417 F.2d 1009, 1015 (4th Cir. 1969), cert. denied sub nom. *Berrigan* v. *United States,* 397

---

[4] The defendants rely upon the double jeopardy clause to support this argument. However, on the basis of the guidance provided by the United States Supreme Court, we consider the issue as one based on concepts of due process of law. See *United States* v. *Grayson,* 438 U.S. 41, 53-54 (1978).

U.S. 909 (1970). We are satisfied that the judge did not commit error by considering matters not open to him on sentencing.

5. *Excessiveness of sentence.* The defendants claim that sentences of eighteen months for assault and battery convictions are excessive.[5] Specifically, they argue that the sentences offend art. 26 of the Declaration of Rights of the Massachusetts Constitution, the due process principles embodied in *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), and the equal protection clause of the United States Constitution. We treat these issues seriatim.

a. *Cruel or unusual punishment.* "This court has recognized that it is possible that imprisonment for a long term of years might be so disproportionate to the offense as to constitute cruel [or] unusual punishment.[6] *McDonald* v. *Commonwealth*, 173 Mass. 322, 328 (1899), aff'd, 180 U.S. 311 (1901). *Commonwealth* v. *Jackson*, 369 Mass. 904, 909 (1976). To reach the level of cruel [or] unusual, the punishment must be so disproportionate to the crime that it 'shocks the conscience and offends fundamental notions of human dignity.' *Commonwealth* v. *Jackson, supra* at 910, quoting from *In re Lynch*, 8 Cal. 3d 410, 424 (1972)" (footnote omitted). *Cepulonis* v. *Commonwealth*, 384 Mass. 495, 496-497 (1981), appeal dismissed, 455 U.S. 931 (1982).

Because the Legislature is given broad discretion in determining the punishment for a given offense, "a heavy burden

---

[5] General Laws c. 265, § 13A, as amended by St. 1945, c. 230, provides in pertinent part: "Whoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than two and one half years in a house of correction or by a fine of not more than five hundred dollars."

[6] The defendants do not base their cruelty claim on the Eighth Amendment to the United States Constitution. See generally *Solem* v. *Helm*, 463 U.S. 277 (1983); *Rummel* v. *Estelle*, 445 U.S. 263 (1980). The phrase in the Eighth Amendment is "cruel and unusual punishments." We note that the question whether a proportionality test should be considered under the Eighth Amendment has been answered in the affirmative. *Solem* v. *Helm, supra* at 286-290. In any event, we do not base our holding on the Federal Constitution, but on art. 26.

is on the sentenced defendant to establish that the punishment is disproportionate to the offense for which he was convicted." *Commonwealth* v. *O'Neal*, 369 Mass. 242, 248 (1975) (Tauro, C.J., concurring). This court has adopted a tripartite analysis to determine whether the defendant has satisfied that burden. *Cepulonis* v. *Commonwealth, supra* at 497, citing *Commonwealth* v. *Jackson, supra* at 910. This analysis involves an examination of (1) the "nature of the offense and the offender in light of the degree of harm to society"; (2) "a comparison between the sentence imposed here and punishments prescribed for the commission of more serious crimes in the Commonwealth"; and (3) "a comparison of the challenged penalty with the penalties prescribed for the same offense in other jurisdictions." *Cepulonis* v. *Commonwealth, supra* at 497-498. Although the defendants do not address themselves to this analysis, we consider it appropriate to apply it to the facts of the case.

In light of the evidence that the defendants' conduct was wilful and deliberate, we conclude that the eighteen-month sentences were not disproportionate to the crime. A comparison between the eighteen-month sentences imposed here and the punishments prescribed for more serious crimes in the Commonwealth permits the conclusion that the sentences were not unconstitutionally excessive.[7] Finally, we have reviewed the penalties prescribed in other jurisdictions for assault and battery, and we conclude that "a disparity

---

[7] See G. L. c. 265, § 13B (indecent assault and battery on child under fourteen years of age, maximum ten years in State prison or two and one-half years in jail or house of correction); § 14 (mayhem, maximum of twenty years in State prison or two and one-half years in jail and fine); § 15 (assault and battery with intent to murder, maximum of ten years in State prison or two and one-half years in jail and fine); § 15A (*b*) (assault and battery with dangerous weapon, maximum of ten years in State prison, or fine, or two and one-half years in jail); § 18 (*b*) (armed assault with intent to rob or murder, maximum of twenty years in State prison); § 20 (unarmed assault with intent to rob, maximum of ten years in State prison); § 24 (assault with intent to rape, maximum of twenty years in State prison or two and one-half years in jail); § 29 (assault with intent to commit other felony, maximum of ten years in State prison or two and one-half years in jail).

between this Commonwealth and other States may indicate no 'more than different exercises of legislative judgment,'" rather than unrestrained legislative power.[8] *Cepulonis* v. *Commonwealth, supra* at 498, quoting *Commonwealth* v. *Jackson, supra* at 914, and *Weems* v. *United States,* 217 U.S. 349, 381 (1910). There is no violation of art. 26.

b. *Mullaney v. Wilbur.* The defendants argue that "[b]ased upon the *Mullaney* analysis . . . the sentence [*sic*] imposed in this case was so high on the range of permissible sentences, as compared to the conduct of the defendants, that due process of law was violated."

In *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), the Court held that the State of Maine's homicide statute, interpreted to require a defendant to prove that he acted in the heat of passion in order to reduce a homicide from murder to manslaughter, violated the due process clause of the Fourteenth Amendment which requires the prosecution to prove beyond a reasonable doubt every element of the crime charged. *Id.* at 697-704. The statute in question had been interpreted by the Supreme Judicial Court of Maine to provide that murder and manslaughter were merely punishment categories of the single offense of felonious homicide, and that, once the prosecution proves a felonious homicide, "the burden shifts to the defendant to prove that he acted in the heat of passion on sudden provocation" in order to receive a lesser sentence. *Id.* at 689.[9] The Court described the flaw as follows: "Maine has chosen to distinguish those who kill in the heat of passion from those who kill in the absence of this factor. Because the former are less 'blameworth[y],' *State* v. *Laf-*

---

[8] See, e.g., Ariz. Rev. Stat. Ann. §§ 13-1203, 13-707(1) (1978) (six months maximum); Cal. Penal Code § 243 (Deering 1983) (six months maximum); Conn. Gen. Stat. Ann. § 53a-61 (West 1972), § 53a-36 (West 1983) (one year); Me. Rev. Stat. Ann. tit. 17A, §§ 207, 1252(2)(D) (1983) (less than one year); Tex. Penal Code Ann. § 22.01(a), (b) (Vernon 1983), § 12.21 (Vernon 1974) (one year maximum); Vt. Stat. Ann. tit. 13, § 1023 (1983) (one year maximum).

[9] The Court cited the cases of *State* v. *Wilbur,* 278 A.2d 139 (Me. 1971), and *State* v. *Lafferty,* 309 A.2d 647 (Me. 1973), as reflecting this interpretation. *Mullaney* v. *Wilbur,* 421 U.S. 684, 688-689 (1975).

*ferty,* [309 A.2d 647, 671, 673 (Me. 1973)] (concurring opinion), they are subject to substantially less severe penalties. By drawing this distinction, while refusing to require the prosecution to establish beyond a reasonable doubt the fact upon which it turns, Maine denigrates the interests found critical in [*In re Winship,* 397 U.S. 358 (1970)]." *Mullaney* v. *Wilbur, supra* at 698. In a footnote, the Court observed that many States impose different sentences on different degrees of assault. *Id.* at 699 n.24. The Court opined that if the reasonable doubt rule of *Winship* were "limited to a State's definition of the elements of a crime, these States could define all assaults as a single offense and then require the defendant to disprove the elements of aggravation — e.g., intent to kill or intent to rob." *Id.*

Plainly, this is not the case here. General Laws c. 265, § 13A, proscribes "simple" assault and assault and battery and prescribes a maximum sentence of two and one-half years. The statute does not purport to "lump together" all categories of assault and battery and does not require a defendant to disprove elements of aggravation.[10] The burden is on the Commonwealth to prove all the elements of assault and battery. See *Commonwealth* v. *McCan,* 277 Mass. 199, 203 (1931) ("An assault and battery is the intentional and unjustified use of force upon the person of another, however slight . . ."). See also *Commonwealth* v. *Slaney,* 345 Mass. 135, 138 (1962) (statute does not define elements of assault and battery; definition is supplied by common law). We do not construe the due process clause to require the Legislature to prescribe different penalties based on the degree of harm to the victim. There is not a due process violation.

c. *Equal protection violation.* The defendants argue that the "grossly disproportionate" sentences imposed for this "petty offense" reflect a discriminatory application of an impartial law. To prove a violation of equal protection in

---

[10] See note 9, *supra* (delineating statutes proscribing various types of "aggravated" assault and battery).

the context of selective enforcement, a defendant must prove that (1) a broader class of persons than those sentenced to eighteen months' incarceration has been convicted of assault and battery, (2) the Commonwealth consistently and deliberately failed to request such a sentence in other such cases, and (3) the decision not to seek such a sentence in other such cases was based on an impermissible classification such as race, sex, or religion. *Commonwealth* v. *Franklin Fruit Co.*, 388 Mass. 228, 229-230 (1983). *Commonwealth* v. *Franklin*, 376 Mass. 885, 894 (1978). The defendants have not presented any evidence on any of the three factors. Thus, we conclude that there is no equal protection violation.

6. *G. L. c. 211, § 3.* The defendants also request us to exercise our authority under G. L. c. 211, § 3, with respect to the sentences imposed. We decline to do so.