COMMONWEALTH *vs.* KAREN A. COKONOUGHER.

No. 93-P-175.

Barnstable. September 20, 1993. - November 19, 1993.

Present: PERRETTA. KASS, & PORADA. JJ.

*Practice, Criminal*, Fair trial, Examination of jurors, Judicial discretion. *Jury and Jurors. Evidence*, Expert opinion, Cumulative, State of mind.

At a criminal trial, the judge did not abuse his discretion in denying the defendant's motion for an individual voir dire of the jury panel based upon alleged prejudicial pretrial publicity, where the judge's questions to the collective venire were adequate to ensure a fair trial. [503-504]

At the trial of a mother found guilty of manslaughter in the death of her infant son, the judge did not err in precluding the defendant's expert witness, a dermatologist, from testifying that certain marks on the infant's face were such that they could have been caused by the infant rubbing his face on a crib sheet, where the testimony would have been cumulative of the testimony of two other expert witnesses proffered by the defendant, a pathologist and a pediatrician. [504-505]

At the trial of a mother found guilty of manslaughter in the death of her infant son, the trial judge did not abuse his discretion in admitting evidence, as bearing on the defendant's state of mind at the time of the victim's death, indicating that during her pregnancy with the infant she had talked about having an abortion. [505]

INDICTMENT found and returned in the Superior Court Department on July 5, 1989.

After the decision of this court in 32 Mass. App. Ct. 54 (1992), the case was retried before *George C. Keady, Jr.,* J.

*Russell J. Redgate* for the defendant.

*Joan E. Lynch,* Assistant District Attorney, for the Commonwealth.

PORADA, J. On appeal from her conviction for manslaughter, the defendant claims that the trial judge erred in refusing to conduct an individual voir dire of the jurors, excluding the testimony of an expert witness, and allowing evidence

that the defendant had considered or threatened to have an abortion. We affirm the conviction.

We summarize the pertinent background of this case. The defendant's four month old son was found dead in his crib. An autopsy of the child was performed. Based upon certain abrasions on the child's cheek and chin, the medical examiner determined that the child had been smothered. The defendant was charged with second degree murder of her child and found guilty of manslaughter. We reversed her conviction based upon the admission of evidence at her trial that other children had been removed from her custody by the Department of Social Services because of neglect. *Commonwealth* v. *Cokonougher*, 32 Mass. App. Ct. 54 (1992). Upon her retrial for manslaughter, the defendant was again convicted and filed this appeal.

1. *Individual voir dire.* The defendant claims that the judge erred in denying her motion for an individual voir dire of the jury panel based upon the extensive pretrial publicity resulting from her first trial and the reversal of her conviction by this court. We discern no abuse of discretion.

The questioning of jurors, other than as required by G. L. c. 234, § 28, rests wholly in the discretion of the judge. *Commonwealth* v. *Subilosky*, 352 Mass. 153, 158 (1967). Here, the judge's questions to the collective venire were adequate to insure a fair trial. *Commonwealth* v. *Kendrick*, 404 Mass. 298, 303-304 (1989). Ordinarily, collective questioning does not inhibit truthful answers. *Id.* at 303. The judge specifically inquired whether anyone had any information from any source, including the media, about the case. The judge noted a few jurors responded affirmatively to this question. He later questioned those jurors at side bar. The judge excused several jurors who said they knew about the case.

The defendant now complains that the judge erred in failing to excuse a juror who stated that he knew quite a bit about the case from the media. In response to the judge's inquiry whether that would impair his ability to judge the case on the evidence presented and not what the media had said about the case, the juror responded in the negative. The

judge did not excuse this juror and the defendant later exercised a peremptory challenge to remove the juror. Whether to accept, without more, the declaration of a juror as to his disinterest was within the discretion of the trial judge. *Commonwealth* v. *Subilosky*, 352 Mass. at 159. *Commonwealth* v. *Bianco*, 388 Mass. 358, 368, *S.C.*, 390 Mass. 254 (1983). Jurors need not be totally ignorant of the case they are to decide. *Commonwealth* v. *Jackson*, 388 Mass. 98, 108 (1983). All that is required is that the juror be able to lay aside his impression or opinion and render a verdict based on the evidence presented at trial. *Commonwealth* v. *Burden*, 15 Mass. App. Ct. 666, 672 (1983). Moreover, at no time did the defendant object to the seating of the juror or ask that he be excused for cause.

2. *Preclusion of evidence.* The defendant claims that the judge erred in preventing his expert witness, a dermatologist, from testifying that the marks on the child's face were such that they could have been caused by the child rubbing his face on the crib sheet. In excluding the testimony, the judge gave as his reasons that it was "much too late" and was "strictly cumulative" of other testimony. Apparently, the judge's ruling that the witness's testimony was offered too late was based on his belief based upon representations of the Commonwealth that the defendant was under a duty to disclose his expert witnesses and the substance of their testimony. The record disclosed no such obligation. Consequently, the judge's ruling would have been wrong if that were his sole basis for excluding the evidence. However, he also based his ruling on the ground that the evidence would be cumulative of the testimony of two other expert witnesses proffered by the defendant, a pathologist and a pediatrician. The defendant conceded that the evidence would simply be cumulative of the testimony of her other experts. In these circumstances, there was no error.

Article 12 of the Declaration of Rights of the Massachusetts Constitution and the Sixth Amendment to the United States Constitution guarantee a defendant the right to call witnesses to testify on his behalf. *Commonwealth* v. *Durning*,

406 Mass. 485, 494-495 (1990). This right is not absolute, however, and a judge can exclude witnesses where their testimony is cumulative or repetitive. *Id.* at 495. This principle applies equally to expert witnesses. *Anthony's Pier Four, Inc.* v. *HBC Assocs.*, 411 Mass. 451, 482 (1991), and cases cited therein.

3. *Abortion testimony.* The defendant claims she was prejudiced by the admission of evidence that during her pregnancy with the victim she had talked about having an abortion. The judge did not abuse his discretion in the admission of the evidence. See *Commonwealth* v. *McGeoghean*, 412 Mass. 839, 841 (1992) (evidence that child's mother inflicted a cigarette burn on child six weeks to four months before child's death by strangulation admissible to show mother's malice towards child). The defendant's state of mind toward the victim is a proper purpose for the admission of otherwise inadmissible testimony. *Ibid.* See also *Commonwealth* v. *Jordan (No. 1)*, 397 Mass. 489, 492-493 (1986) (evidence of defendant's prior beatings of the victim and her dog admissible to show state of mind and not unduly prejudicial).

Nor is there any merit to the defendant's argument that her threats were too remote in time to have any relevancy to her state of mind at the time of the victim's death. The defendant reasons that since her expressions of intent ended at her second month of pregnancy, at least eleven months before the victim's death, they were no longer relevant. Here, there was other evidence that after the child was born the defendant expressed the sentiment that she wished she had not had the baby. Consequently, while we do not consider the time frame too remote, see *Commonwealth* v. *Jordan (No. 1)*, 397 Mass. at 492-493 (beatings of victim occurred five to seven months before the alleged assault on the victim), we conclude that the evidence was admissible in any event to show that her state of mind continued up until the victim's death.

*Judgment affirmed.*