COMMONWEALTH *vs.* AMERICO ARAUJO. No. 93-P-1608. May 19, 1995.
*Firearms.*

The defendant was convicted by a Superior Court jury of possession of heroin, G. L. c. 94C, § 32E,[1] unlawful possession of a handgun, G. L. c. 269, § 10(*h*) (two counts), and unlawful possession of a sawed-off shotgun, G. L. c. 269, § 10(*c*). The only issue presented for review is whether the evidence supporting the defendant's conviction on the last charge was legally sufficient.[2] We reverse.

The Commonwealth has raised some doubt about whether the defendant's motion for a required finding — first lodged at the close of the prosecution's case, and then renewed at the close of all of the evidence — specifically encompassed the alleged violation of G. L. c. 269, § 10(*c*).[3] Even if the point was not preserved below, review remains available under the familiar principle of *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967) — whether a "substantial risk of a miscarriage of justice" is demonstrated.

At trial, the Commonwealth pursued a theory of "constructive possession" with respect to the possession element of G. L. c. 269, § 10(*c*). To succeed under that approach, it is necessary to do more than show that a

---

[1] This conviction apparently was premised upon the discovery of approximately one thousandth (.001) of an ounce of eight percent pure heroin in the defendant's wallet, or less than one ten-thousandth of an ounce of the actual drug.

[2] All of the other convictions were ordered to be placed on file, and so are not subject to our review. See *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975); *Commonwealth* v. *Riley*, 22 Mass. App. Ct. 698, 703-704 (1986) (right to appeal in criminal case arises only after sentence is imposed).

[3] At the close of the prosecution's case, the defendant's motion for a required finding was limited to the charge of possession with intent to distribute; at the close of all the evidence, the motion was not so limited, but the only argument made by the defendant in support of his motion was limited to the charge regarding possession with intent to distribute. See *Commonwealth* v. *Mandeville*, 386 Mass. 393, 408 (1982).

defendant was found in the same room as contraband. See *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 345 (1983). Rather, the Commonwealth must prove that the defendant was aware of the presence of the particular illicit item in question (in this instance, a sawed-off shotgun), and had the ability and intention to exercise control over it. See *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 617-619 (1990), *S.C.*, 410 Mass. 1005 (1991). While it is not enough for the Commonwealth to show mere presence in the area where the illicit item is found, "other incriminating evidence will serve to tip the scale in favor of sufficiency." *Id.* at 618.

Here, while executing a search warrant for an apartment, police officers found the defendant asleep in a bedroom. As officers entered the room, the defendant stirred and began to reach for a handgun in plain view on a night table next to the bed. He was advised to "freeze," and obeyed.

A search of the room revealed unidentified "male clothing," two empty suitcases, a sawed-off shotgun concealed in a closet, a second handgun stuffed between the mattress and boxspring, a minute quantity of drugs in a bureau drawer, and two wallets in the so-called "lower dresser." One wallet belonged to the defendant; the second wallet contained identification cards bearing the names "Barry A. Hearens" and "Barry Farris," the latter of whom was known to the Commonwealth's police witness. Two shotgun shells were found "in or on the . . . *tall* dresser"[4] (emphasis added). No papers or personal effects belonging to the defendant were found, no keys to the apartment were found on his person, and while the closet where the shotgun was found contained the male clothing, there was no evidence that the clothing belonged to the defendant. In sum, aside from the defendant's presence, and his wallet in the lower dresser, there was no evidence arguably linking the defendant to the apartment — or the shotgun.

To prove constructive possession, the Commonwealth relies on the fact that the defendant was sleeping on a bed where one handgun was found; that in the same room were men's clothing, "inferentially" (the Commonwealth argues) belonging to the defendant, and that his wallet was found in the same dresser where the shotgun shells were discovered.

There is no basis for any "inference" that the unidentified male clothing in the room belonged to the defendant, and the shotgun shells were *not* in the same dresser as the defendant's wallet. Further, the defendant's wallet was one of two wallets found in the "low dresser," the second belonging to a person known to the police. The fact of two wallets with different owners, and nothing more, precludes any rational basis for the inference that because the defendant possessed his wallet in the "lower dresser," he was in constructive possession of the shotgun in the closet. The Commonwealth did nothing to establish that the defendant was anything more than a visitor to the apartment. Taking the evidence, then, together with reason-

---

[4]The Commonwealth argues, erroneously, that the shotgun shells were found in the "low dresser."

able inferences, in the light most favorable to the Commonwealth, *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), we conclude that the Commonwealth has failed to carry its burden of persuasion on the essential element of possession.[5]

*Commonwealth* v. *Brown*, 401 Mass. 745, 748 (1988), and *Commonwealth* v. *Almeida*, 381 Mass. 420, 422 (1980), closely resemble the present case. The defendants in both *Brown* and *Almeida* were charged, as here, with violations of G. L. c. 269, § 10, and prosecuted under a theory of constructive possession. In each instance, the defendant had been arrested after firearms were found secreted in the car he was driving. In neither case, however, did the Commonwealth establish that the defendant owned the car, or otherwise adduce any sound basis for imputing to him knowledge of its concealed contents. Citing *Commonwealth* v. *Bennefield*, 373 Mass. 452, 453 (1977), both courts concluded that the evidence was insufficient "to warrant a reasonable inference of personal knowledge of the presence of the gun." See *Commonwealth* v. *Caterino*, 31 Mass. App. Ct. 685, 688-689 (1991) (mere presence insufficient to obtain conviction under constructive possession theory); *Commonwealth* v. *Caraballo*, 33 Mass. App. Ct. 616, 618-619 (1992); *Commonwealth* v. *Cruz*, 34 Mass. App. Ct. 619, 622 (1993).

Accordingly, the defendant's judgment of conviction for violation of G. L. c. 269, § 10(*c*), must be reversed, the verdict set aside, and the case remanded to the Superior Court for entry of a finding of not guilty on that count only.[6]

*So ordered.*

*Timothy M. Farris* for the defendant.
*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.

---

[5]The Commonwealth cites a number of authorities in support of its position. However, each one is distinguishable from the facts of this case. *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 410 (1989) (contraband found in defendant's apartment in closet into which he retreated when search commenced); *Commonwealth* v. *Montanez*, 410 Mass. 290, 305-306 (1991) (contraband found just outside defendant's apartment packaged using materials similar to those found inside defendant's apartment); *Commonwealth* v. *Gill*, 2 Mass. App. Ct. 653, 656-657 (1974) (contraband in pocket of jacket and drug paraphernalia found in bedroom of apartment defendant rented); *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 613 (1976) (contraband found in apartment rented by defendant and in room occupied by the defendant); *Commonwealth* v. *Rodriguez*, 16 Mass. App. Ct. 944, 945-946 (1983) (contraband found in bedroom of apartment regularly used by defendant and in which a large number of his personal effects were found); *Commonwealth* v. *Rarick*, 23 Mass. App. Ct. 912, 912 (1986) (contraband found in close proximity to defendant's personal papers in bedroom of apartment shared by her); *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 494 (1991) (decided on joint venture theory so proof of possession unnecessary).

[6]As to the convictions placed on file, see note 2, *supra*, "the trial judge may choose to sentence the defendants on these indictments." *Commonwealth* v. *Bianco*, 388 Mass. 358, 365 (1983).