COMMONWEALTH *vs.* RICHARD CABRAL. No. 98-P-0089. February 24, 1999. *Assault and Battery. Practice, Criminal,* Instructions to jury, Duplicative convictions, Sentence.

1. *Charge.* Convicted of assault and battery on a child causing substantial bodily injury, G. L. c. 265, § 13J(*b*), second par., and of assault and battery on a child causing injury, G. L. c. 265, § 13J(*b*), first par., the defendant claims that, pursuant to his request, the judge was required to instruct the jury that to find the defendant guilty they must find that he intended to engage in a harmful or offensive touching.

The relevant portion of the judge's charge on intentional conduct was as follows:

"In order to prove that the defendant is guilty of having committed

assault and battery upon a child causing substantial bodily injury, the Commonwealth must prove five things beyond a reasonable doubt, and . . . there are two possible theories here, one of intentional conduct and the other of reckless conduct. What I am now describing when I say there are five elements or things that the Commonwealth must prove beyond a reasonable doubt relates to intentional conduct.

"The five elements are as follows: number one, the defendant touched the person of [name]; number two, that the defendant intended to engage in the touching; number three, that [named person] is a child; number four, that the touching caused substantial bodily injury to [named person]; and, number five, that the touching was committed without justification or excuse. . . .

"[T]he Commonwealth must prove beyond a reasonable doubt that the defendant intended to commit the touching; and, again, you the jury may or may not infer the defendant's intent by considering all of the facts and circumstances as well as evidence of the defendant's conduct offered during this trial."

The judge also charged on accident as follows:

"In this case, there is evidence that what occurred was an accident. You must, therefore, determine whether the defendant intentionally committed the act or whether what occurred was an accident.

"An accident is defined as an unexpected happening that occurs without intention or design on the defendant's part. It means a sudden unexpected event that takes place without the defendant's intending it.

"If an act is accidental, it is not a crime. Bear in mind when considering the evidence that the defendant does not have to prove anything. The Commonwealth must prove beyond a reasonable doubt that what occurred was not an accident. . . ."

The charge was a correct statement of the law as recently set forth in *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997). Under the intentional conduct theory, "an assault and battery is 'the intentional and unjustified use of force upon the person of another, however slight.' " *Ibid.*, quoting from *Commonwealth* v. *Burno*, 396 Mass. 622, 625 (1986). "Because assault and battery by means of a dangerous weapon is a general intent crime, *there is no requirement that the Commonwealth must prove the defendant had a specific intent to injure the victim*" (emphasis supplied). *Ibid.* See *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455, 459 (1994). Contrary to the defendant's suggestion, there is no basis for interpreting "assault and battery" in G. L. c. 265, § 13J, in a manner different from the interpretation applicable to "assault and battery" under G. L. c. 265, § 13A.

2. *Duplicative convictions.* The jury initially returned a verdict of not guilty on the lesser charge of assault and battery on a child causing bodily injury, and a verdict of guilty on the greater charge of causing substantial bodily injury. Over objection, the trial judge, concerned about the inconsistencies of

the verdicts, reinstructed the jury. Thereafter the jury came back with guilty verdicts on both indictments. The lesser included offense was placed on file — apparently without objection.

Although the defendant claims that it was error to resubmit the matter to the jury, we need not pass on the propriety of that action. Contrary to the Commonwealth's contention, under our common-law practice, where duplicative convictions are involved, not only the sentence, but also the conviction, is vacated. *Commonwealth* v. *Wade*, 428 Mass. 147, 155 (1998). "The appropriate remedy for the imposition of duplicative convictions is to vacate both the conviction and sentence on the lesser included offense, and to affirm the conviction on the more serious offense." *Commonwealth* v. *Martin*, 425 Mass. 718, 722-723 (1997), quoting from *Commonwealth* v. *Mello*, 420 Mass. 375, 398 (1995). *Commonwealth* v. *Jones*, 382 Mass. 387, 394-395 (1981). In *Commonwealth* v. *Jones*, the court held that concurrent sentences, as well as consecutive sentences, could not be imposed on duplicative charges and vacated both the convictions and sentences on lesser included offenses, stating: "To continue to distinguish between consecutive and concurrent sentences is to assume that only the fact of imprisonment, and not the fact of conviction, is the harm resulting from the erroneous allowance of duplicitous convictions."[1] *Id.* at 396.

Accordingly, the judgment and the verdict on the charge of assault and battery on a child causing injury are vacated and the indictment on that charge is dismissed. The judgment on the indictment for assault and battery on a child causing substantial bodily injury is affirmed.

*So ordered.*

*Mark W. Helwig* for the defendant.

*Shaun S. McLean*, Special Assistant District Attorney, for the Commonwealth.

---

[1]The court elaborated: "Yet, adverse collateral consequences of convictions do exist, even when only concurrent sentences are involved. Among the collateral consequences acknowledged by the Supreme Court and other courts in various double jeopardy contexts are the harsher treatment that may be accorded the defendant under the habitual offender statutes of some States; the possible impeachment by prior convictions, if the defendant ever becomes a witness in future cases; and, in some jurisdictions, less favorable parole opportunities. [Citations omitted.] Moreover, as the United States Court of Appeals for the First Circuit recognized in *O'Clair* v. *United States*, [470 F.2d 1199, 1203 (1st Cir. 1972), cert denied, 412 U.S. 921 (1973)], 'even if no other disabilities were incurred, there is always the extra stigma imposed upon one's reputation' by the fact of an additional conviction." *Id.* at 396.