COMMONWEALTH VS. PAUL SIMMONS.

No. 04-P-550.

Hampden. May 3, 2005. - December 8, 2005.

Present: DUFFLY, DREBEN, & GRAHAM, JJ.

Further appellate review granted, 446 Mass. 1103 (2006).

*Practice, Criminal,* Indictment placed on file, Sentence, Speedy sentencing. *Due Process of Law,* Sentence, Indictment placed on file. *Constitutional Law,* Speedy sentencing.

This court concluded that the Commonwealth could not, upon the occurrence of a subsequent offense, bring forward for sentencing a conviction that had been placed on file following a plea of guilty, where no conditions to keeping the conviction on file had been articulated or agreed to. [276-284]

INDICTMENT found and returned in the Superior Court Department on May 14, 1981.

A motion to vacate sentence, to dismiss indictment, and for credit for time served was heard by *Daniel A. Ford,* J.

*Sean J. Gallagher* for the defendant.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.

DUFFLY, J. On September 22, 1981, the defendant pleaded guilty to twelve indictments.[1] He received concurrent sentences of eight to twelve years in State prison on six of the convictions; the remaining six convictions were "placed on file."[2]

---

[1]The indictments consisted of six charges of armed robbery, G. L. c. 265, § 17; escape or attempt to escape, G. L. c. 268, § 16; assault and battery on a public employee (court officer), G. L. c. 265, § 13D; unlawful possession of a firearm or ammunition, G. L. c. 269, § 10(*h*); two counts of assault and battery, G. L. c. 265, § 13A; and armed assault with intent to rob, G. L. c. 265, § 18 (indictment no. 81-1918).

[2]We are here concerned with indictments placed on file following a plea of guilty, not with indictments placed on file prior to conviction. The decisional law refers to "indictments" placed on file in either circumstance. To distinguish the present situation we will refer to it as involving the filing of a conviction.

That is to say, sentencing was suspended indefinitely with respect to the filed convictions, including the armed assault with intent to rob conviction on indictment no. 81-1918 that is the subject of this appeal.

The defendant served his time and was released; soon thereafter, on December 5, 1986, he was charged with a subsequent offense of armed robbery (indictment no. 86-6302). This prompted the Commonwealth to bring forward the filed conviction for armed assault with intent to rob.[3] On January 2, 1987, more than five years after pleading guilty, a judge other than the plea judge sentenced the defendant to a committed term of eighteen to twenty years on this revived conviction.[4]

The defendant's motion pursuant to Mass.R.Crim.P. 30(a), as appearing in 435 Mass. 1501 (2001), to "vacate sentence, dismiss indictment, and credit defendant for time served under an erroneous sentence," alleged, in essence, that the eighteen to twenty year term imposed on the previously filed conviction was an illegal sentence. It is from the order denying this motion that the defendant now appeals, arguing that (1) he was denied his right to speedy sentencing guaranteed under the State and Federal Constitutions; (2) procedures in connection with sentencing on the indictment violated his procedural and substantive due process rights; and (3) the motion judge impermissibly considered an unproven accusation at the time of sentencing.[5]

---

[3] The Commonwealth concedes in its brief that "[i]t was the defendant's commission of the 1986 crime that caused . . . the indictment [to be brought] forward." In its memorandum opposing the defendant's motion for additional jail credit against his committed sentence on indictment no. 81-1918, see note 5, infra, the Commonwealth noted that only this indictment "was taken off of file and brought forward for sentencing. This was done as a result of new charges brought against the defendant. . . . Presumably, had the defendant not re-offended in 1986, the defendant's conviction on 81-1918 indefinitely would have remained filed. . . . [H]e received the alternative disposition of placing the conviction on file allowing the defendant to avoid additional incarceration. Had he not abused this opportunity, he would not have been sentenced to a term of commitment."

[4] Thereafter, a jury found the defendant guilty of the subsequent charge of armed robbery; he was sentenced to a committed term of twenty to thirty years, to be served from and after the sentence imposed on the revived armed assault with intent to rob conviction.

[5] This is the defendant's third postconviction appeal. We affirmed the denial

*Discussion.* The procedure that lies at the root of this appeal — indefinitely postponing sentencing with respect to a criminal conviction by placing it "on file" after a finding of guilt — has been recognized, and approved of, as a common-law custom dating back to the earliest days of the Commonwealth. Initially developed as a form of probation, the practice was one of several ameliorative remedies to harsh legal punishments. See Grinnell, Probation as an Orthodox Common Law Practice in Massachusetts Prior to the Statutory System, 2 Mass. L.Q. 591, 592-612 (1917) (reprinted as Grinnell, The Common Law Origin of Probation in Massachusetts and, Before 1917 and the Federal Probation Act, in the First Federal Circuit, 45 Mass. L.Q. 70 [1960]).[6] The practice was referred to well over a century ago in *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 136 (1874):

"It has long been a common practice in this Commonwealth, after verdict of guilty in a criminal case, when the court is satisfied that, by reason of extenuating circumstances, or of the pendency of a question of law in a like case before a higher court, or other sufficient cause, public justice does not require an immediate sentence, to

of two previously filed motions for new trial; the defendant took no appeal from the denial of his motion styled as one for jail credit of 183 days on the sentence that was imposed on indictment no. 81-1918.

The Commonwealth argues that the defendant has waived all claims relating to the lawfulness of the sentence imposed on the filed conviction by failing to raise these claims in prior appellate proceedings. As a general rule, a defendant should advance all alleged defects at the earliest opportunity, but we may exempt a defendant from this requirement where a particular error poses "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967).

[6]This article arose out of an amicus curiae brief filed in the United States Supreme Court in a case challenging the practice "of 'placing on file,' or placing on probation *after verdict, but before sentence*" (emphasis in original). Grinnell, Probation as an Orthodox Common Law Practice in Massachusetts Prior to the Statutory System, 2 Mass. L.Q. at 591-592. See *Ex parte United States, petitioner,* 242 U.S. 27 (1916). Although the case originated out of the United States District Court for the Northern District of Ohio, which had been imposing and then suspending sentence, the opinion also discussed Massachusetts practice, see, e.g., *id* at 47, 50, and held that all such probationary practices were illegal in the Federal system because they had not yet been authorized by Congress. *Id.* at 51-52. See Grinnell, *supra* at 591; *Commonwealth* v. *Jackson,* 369 Mass. 904, 921-922 (1976).

order, with the consent of the defendant and of the attorney for the Commonwealth, and upon such terms as the court in its discretion may impose, that the indictment be laid on file; and this practice has been recognized by statute. Sts. 1865, c. 223; 1869, c. 415, § 60.[7] Such an order is not equivalent to a final judgment . . . but is a mere suspending of active proceedings in the case . . . and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein."

Although it is still referred to in numerous statutes,[8] thereby

---

[7]The 1865 legislation, entitled "An Act to Prevent Evasions of the Provisions of Section Fifty-Eight of the Eighty-Sixth Chapter of the General Statutes," provided in relevant part that no case involving the illegal sale of liquor or prostitution

"shall be laid on file or disposed of except by trial, judgment, acquittal or sentence, . . . unless in any case the purposes of justice require other disposition thereof, to be shown upon a written motion setting forth specifically the reasons therefor, and verified by affidavit where facts are relied on; and in such case the motion shall be allowed only upon the certificate of the presiding magistrate or judge, that he is satisfied that the cause relied on exists, and that the interests of public justice require the allowance thereof, which certificate shall be filed in the case."

St. 1865, c. 223 § 1.

In 1869, minor changes were made to the statute unrelated to the filing of a case. St. 1869, c. 415, § 60.

[8]Several statutes provide that prosecutions commenced thereunder shall not be placed on file. See, e.g., G. L. c. 6, § 178H; G. L. c. 56, § 58; G. L. c. 90, § 23; G. L. c. 90, § 24G; G. L. c. 90B, § 8; G. L. c. 94C, § 32H; G. L. c. 265, § 43; G. L. c. 266, § 27A; G. L. c. 269, § 10; G. L. c. 272, § 4A; G. L. c. 272, § 29. Others provide that complaints for specified violations shall not be placed on file. See, e.g., G. L. c. 81A, § 19; G. L. c. 90, § 20; G. L. c. 119, § 55B. One statute provides that "an alternative disposition of a violation including, but not limited to, having such violation . . . placed on file shall be deemed to be a conviction." G. L. c. 90, § 8. Pursuant to G. L. c. 119, § 63, the court may, as to any person found to have aided in the delinquency of a child, "before trial, with the defendant's consent, . . . allow the defendant to enter into a recognizance, in such penal sum as the court may fix, conditioned to comply with such terms as the court may order for the promotion of the future welfare of the child, and the said case may then be placed on file." District Courts and divisions of the Boston Municipal Court are statutorily authorized to "place on file any complaint in a criminal case other than a complaint for the commission of a felony issued against a person who appears previously to have been convicted of a felony or previously to

implying statutory authority for the practice, no statute defines the circumstances in which a conviction may be placed on file, and there are no codified procedures for reviving a filed conviction.[9]

Our decisional law has given continued vitality to the practice in certain circumstances, see, e.g., *Commonwealth* v. *Bianco*, 390 Mass. 254, 255-259 (1983); *Commonwealth* v. *Pelletier*, 62 Mass. App. Ct. 145, 145-146 (2004), but the procedure of removing a filed conviction from the file in order to impose a sentence of incarceration has not been fully articulated. Moreover, although it has been held that a defendant's consent to placing a conviction on file is required, see *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975) (consent required because defendant loses, among other rights, right of appeal, which is deferred so long as conviction remains on file), the precise contours of that consent have not been delineated.

By and large, convictions placed on file have tended to remain on file. See, e.g., *United States* v. *Hines*, 802 F. Supp. 559, 572 (D. Mass. 1992), quoting from *Pino* v. *Nicolls*, 215 F.2d 237, 244-245 (1st Cir. 1954), rev'd on other grounds sub nom. *Pino* v. *Landon*, 349 U.S. 901 (1955) ("Though theoretically it may be possible . . . to take [a] case from the files and make a final disposition of it, if we take account of the ordinary modes of the procedure in the local courts it must be concluded that there is every probability that, once a case is placed on file, it will remain in that status undisturbed and probably forgotten").

---

have had a complaint for felony placed on file." G. L. c. 218, § 38. Papers or records "which shall have been disposed of by being placed on file, as provided in section thirty-eight of chapter two hundred and eighteen, and shall have remained on file for more than twenty years," may be disposed of as obsolete. G. L. c. 221, § 27A.

[9]One statute, G. L. c. 277, § 70B, sets forth requirements when a prosecutor seeks to "place a criminal case on file":

"Except as otherwise provided by law, a criminal case shall not be placed on file, on motion of a district attorney or assistant district attorney, unless such motion is accompanied by a written statement of the reasons for such disposition, signed by the district attorney or assistant district attorney, which shall be filed with the pleadings, and also accompanied by a statement of any previous criminal record of the accused."

The defendant does not pose a general challenge to the procedure of placing convictions on file.[10] The focus in his appeal is, rather, on the procedure of reviving a filed conviction upon the occurrence of a subsequent offense, where no conditions to keeping a conviction on file were articulated and agreed to. We agree that the conviction could not be brought forward for sentencing in these circumstances.

The procedure of reviving a filed conviction has been approved in only two circumstances: (1) when a related conviction is reversed on appeal; and (2) upon a breach of explicit conditions imposed in connection with the filing. We have found no reported decision in Massachusetts in which an appellate court was asked to consider the revival of filed cases in circumstances facing the defendant here, and we conclude that there is nothing in our statutory or decisional law that would condone such a practice.

1. *Sentencing on related convictions.* By far the most common circumstance in which a filed conviction is brought forward is when the conviction upon which the defendant was sentenced is reversed on appeal and the defendant thereafter is sentenced on the filed conviction. In the typical case, a defendant is charged with several offenses arising from the same event, all of which are tried together; following conviction of these separate charges, convictions of the less serious charges are

---

[10]The practice of placing a conviction on file does not appear to be the current practice in any other jurisdiction, although related practices do exist. Maine once employed this practice but now requires that, following conviction, sentences be imposed "without unreasonable delay." *In re Ross*, 428 A.2d 858, 866-867 & n.18 (Me. 1981), quoting from Me.R.Crim.P. 32(a) and Me.Dist.Ct.Crim.R. 32(a). The New Hampshire Supreme Court noted that a substantially similar practice of "continuing a conviction for sentencing no longer [had] statutory authority." *State* v. *Ingerson*, 130 N.H. 112, 115 (1987).

Procedures similar to the filing of convictions — such as indefinitely continuing or postponing sentencing — have been rejected in other jurisdictions in favor of modern probationary or other statutory sentencing schemes. See, e.g., *People* v. *Richards*, 205 Mich. App. 438, 442 (1994), quoting from *People* v. *Turner*, 92 Mich. App. 485, 489 (1979) (probationary alternative of delaying imposition of sentence cannot exceed one year except in "limited and unusual of circumstances"); *Hogan* v. *Bohan*, 305 N.Y. 110, 112 (1953) (sentence must be imposed within two days of verdict absent sufficient cause for delay); *Commonwealth* v. *Duff*, 414 Pa. 471, 473-474 (1964) (delaying imposition of sentence not allowed as probationary alternative; fixed period of probation is required).

filed with the defendant's consent and sentences are imposed on the more serious charges. See, e.g., *Commonwealth* v. *Boone,* 356 Mass. 85, 88 (1969); *Commonwealth* v. *Bianco,* 390 Mass. at 255; *Commonwealth* v. *Owens,* 414 Mass. 595, 596 (1993); *Commonwealth* v. *Torres,* 424 Mass. 153, 154 n.1 (1997); *Commonwealth* v. *Araujo,* 38 Mass. App. Ct. 960, 960, 960 n.2 (1995).[11] If the conviction on which the sentence is imposed is reversed on appeal, the conviction on the less severe charge is available to be brought forward in order to provide an alternative basis for sentencing.

That was the situation in *Commonwealth* v. *Bianco, supra,* on which the Commonwealth chiefly relies to support its position that the procedure here was valid. In that case, each of the defendants was convicted on two indictments charging involuntary manslaughter and one indictment charging assault and battery; they each received concurrent two and one-half year sentences on the manslaughter indictments, while the assault and battery convictions were placed on file. *Id.* at 255. In the defendants' prior appeal, *Commonwealth* v. *Bianco,* 388 Mass. 358 (1983), the court reversed the two manslaughter convictions and ordered judgment to enter for the defendants. The court stated that, on remand, "the judge in the Superior Court is permitted, but not required, to sentence the defendants on [the assault and battery convictions]." *Id.* at 370. The filed

---

[11]The less serious offense may be a lesser included offense of the more serious charge. See, e.g., *Commonwealth* v. *Chappee,* 397 Mass. 508, 509-510 (1986) (defendant sentenced on charge of trafficking in cocaine; conviction of lesser included offense of possession of cocaine with intent to distribute was placed on file); *Commonwealth* v. *Owens,* 414 Mass. at 596 (defendant sentenced on charge of trafficking in heroin; conviction of lesser included offense of possession with intent to distribute heroin placed on file); *Commonwealth* v. *Courtney,* 7 Mass. App. Ct. 4, 8 (1979) (sentence imposed on assault during breaking and entering charge; conviction of assault and battery filed); *Commonwealth* v. *Cabral,* 46 Mass. App. Ct. 917, 919 (1999) (sentence imposed on charge of assault and battery on a child causing substantial bodily injury; conviction of lesser included offense placed on file).

If conviction of the more serious charge is affirmed on appeal, then the conviction on file of the lesser included offense is vacated as duplicative and the charge is dismissed. See, e.g., *Commonwealth* v. *Chappee,* 397 Mass. at 523-524; *Commonwealth* v. *Owens,* 414 Mass. at 608; *Commonwealth* v. *Cabral,* 46 Mass. App. Ct. at 918-919. If it is reversed, the conviction of the lesser included offense can be brought forward for sentencing.

convictions were brought forward for sentencing immediately after the defendants' appeals were resolved and the defendants were each sentenced to eighteen months in a house of correction. *Commonwealth* v. *Bianco*, 390 Mass. at 256.

The court upheld sentencing on the filed convictions in these circumstances, rejecting the defendants' claims that it was error to remove the indictments from file "in the absence of any showing of intervening misconduct by them." *Id.* at 257. The court concluded that, even "[a]ssuming, arguendo, that there is a constitutional right to speedy sentencing, no such constitutional right has been infringed," *id.* at 258, as the Commonwealth requested sentencing on the filed convictions six days after entry of the rescript reversing the convictions for the greater offenses, and that "it is always within the power of the court to remove [a conviction] from the file and to impose a sentence thereon." *Id.* at 259.

There are crucial differences between the present case and the situation in *Bianco*, where, by virtue of the defendants' successful appeals of the manslaughter convictions, the trial judge's sentencing scheme was fundamentally altered. It is reasonable to assume that the original decision to place the assault and battery convictions on file in *Bianco* was informed, at least in part, by the fact that committed sentences were imposed on the manslaughter convictions. In cases involving multiple convictions, sentences are often interrelated. See, e.g., *Commonwealth* v. *Delgado*, 367 Mass. at 439-440 (while ordering imposition of sentence or other disposition on filed conviction where consent to filing was lacking, court stated: "In the interest of justice, and considering the obvious intentions of the judge who imposed the original sentence, no sentence should be imposed which results in any period of incarceration of the defendant beyond that which he is required to serve on the sentence previously imposed as to [related] indictment"); *Commonwealth* v. *Shabazz*, 387 Mass. 291, 296 (1982) (restructuring of interdependent lawful sentences precluded as unfair where, after determination that from-and-after life sentence was constitutionally barred, proposed restructuring would impose more severe aggregate punishment than was in place when defendant brought his challenge to unlawful sentence); *Commonwealth* v. *Williams*, 23 Mass. App. Ct. 716, 720 (1987).

In *Bianco*, once sentences on the manslaughter convictions were vacated, the trial judge was free, consistent with due process principles, to impose sentences on the filed charges. *Commonwealth* v. *Bianco*, 390 Mass. at 259 (judge's discretion to consider broad range of information in sentencing is limited by due process clause). In such a case, sentencing on the revived charge not only is consistent with the original sentencing scheme contemplated by the trial judge, but also would take place within a determinate and reasonably prompt time frame, that is, upon the conclusion of the defendant's appeal from the conviction for which he had originally been sentenced.

A practice that permits a prosecutor to seek sentencing a decade or more after the defendant had served his time on related convictions, on the basis of subsequent events or information deemed by the prosecutor to warrant revival but unconnected to the filed conviction, invites not only arbitrary and capricious conduct, but raises the concern that conduct triggering the revival will unduly influence the sentence on the filed conviction. See *ibid.* ("Due process requires that in sentencing a judge must not punish a defendant for conduct other than that for which he was convicted"). See also *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 222-223 (1976); *Commonwealth* v. *Henriquez*, 440 Mass. 1015, 1016 (2003) (sentence as punishment for other offenses is improper).[12]

2. *Filing subject to conditions.* There is no claim on the part

---

[12]Moreover, as seen from our cases involving probation, the passage of a very great period of time might sufficiently prejudice a defendant's ability to offer mitigating evidence or otherwise so adversely affect his rights as to pose due process concerns. See, e.g., *Commonwealth* v. *Collins*, 31 Mass. App. Ct. 679, 681-684 (1991), quoting from *Morrissey* v. *Brewer*, 408 U.S. 471, 488 (1972) (final probation "revocation hearing must be held 'within a reasonable time after the [probationer] is taken into custody,' " in order to comport with due process). See also *Finer* v. *Commonwealth*, 250 Mass. 493, 496 (1925) (words in G. L. c. 279, § 1, that after suspension of sentence District Court may place convicted person on probation " 'for such time and on such terms and conditions as it shall fix,' . . . import definiteness and specification as to the time of the probationary period' "); *Commonwealth* v. *Sawicki*, 369 Mass. 377, 384-385 (1975) (revocation of probation must occur within reasonable time; protracted delays result in "less effective" revocation hearing). Cf. *Pollard* v. *United States*, 352 U.S. 354, 361-362 (1957) (assuming without deciding that there is constitutional right to speedy sentencing); *Commonwealth* v. *McInerney*, 380 Mass. 59, 65-66 (1980) (same).

of the Commonwealth in this case that specific conditions for placing the convictions on file had been delineated and that these conditions had been agreed to by the defendant. Thus, sentencing on the filed conviction did not, in this case, conform to the second set of circumstances in which a revival of filed convictions has been approved.

Early cases describe a system of filing that, by virtue of being subject to conditions, resembles the modern concept of probation. In *Commonwealth* v. *Maloney*, 145 Mass. 205, 211 (1887), the court described "the general power of putting a prisoner convicted before them *on probation* by indefinitely holding the conviction over him, as is done in higher courts *by putting an indictment on file*" (emphasis added). See *Commonwealth* v. *Dowdican's Bail*, 115 Mass. at 136 (following conviction, indictments filed "upon such terms as the court in its discretion may impose"). More recently, our courts have considered and tacitly approved sentencing on convictions placed on file with explicit conditions. See *Commonwealth* v. *Marinucci Bros. & Co.*, 354 Mass. 743, 745 (1968) ("Upon count 28, no sentence was imposed. We assume that the case could have been taken from the files for the purpose of imposing a sentence, if any default in making restitution had occurred"); *Commonwealth* v. *Pelletier*, 62 Mass. App. Ct. at 146-147 (appropriate to bring forward indictment filed with change of plea in order to enforce plea agreement that defendant would not request parole until she had served three years of incarceration).[13]

Based on these decisions, we conclude that — at least where,

---

[13]There may be some basis to conclude that the practice of filing a conviction on stated conditions has been supplanted by a comprehensive statutory scheme of probation. General Laws c. 279, § 3A, for example, requires that sentences be imposed in all cases not later than seven days after conviction. While G. L. c. 276, § 87, provides an exception to this rule where straight probation is imposed, it nonetheless mandates imposition of a probationary sentence, which is subject to appeal, and provides further that the disposition be subject to "such conditions as [the court] deems proper." See G. L. c. 279, § 4 ("Sentence shall be imposed upon conviction of a crime, regardless of whether an appeal has been taken, except as otherwise provided . . . in case of a conviction of a capital crime"); *Fine* v. *Commonwealth*, 312 Mass. 252, 255-256 (1942) (mandatory to impose sentence following conviction). See also *Commonwealth* v. *Kossowan*, 265 Mass. 436, 438 (1929). Cf. *Commonwealth* v. *Jackson*, 369 Mass. 904, 922 (1976) ("The ability to defer the

as here, the filing was in the context of a plea of guilty — before a conviction may be placed on file with the possibility of later revival upon a further offense, the defendant must, at the time the conviction is placed on file, be informed of such condition and of the definite, and reasonable, time frame within which it is to remain in effect, see note 12, *supra*, and give his voluntary and informed consent thereto.[14]

*Conclusion.* Because the filing of the conviction on indictment no. 81-1918 was subject to no specified conditions to which the defendant had consented, it should not have been revived for sentencing. The order denying the defendant's motion to vacate his sentence entered on indictment no. 81-1918 is vacated. A new order granting the motion shall enter. The defendant shall receive credit for time served under the vacated sentence against the sentence imposed on indictment no. 86-6302, the latter to take effect forthwith.

*So ordered.*

---

imposition of sentence, although a valuable feature in our legal system, is not necessary to the very existence of a court, and, as such, is not an inherent power beyond statutory limitation"); *Commonwealth* v. *Aquino*, 445 Mass. 446, 449 (2005) (in deciding question of extension or revocation of probation, judge has no inherent authority to consider offenses committed after expiration of probationary term).

We note that recently, in *Commonwealth* v. *Sebastian S.*, 444 Mass. 306, 312-313 (2005), the court, in prohibiting "pretrial probation," a dispositional form not unlike filing, stated that permitting a form of sentence that clashed with the statutory sentencing regime "would be contrary to the Legislature's intent in enacting [sentencing laws] by which it codified, regularized, and placed limits on a disposition practice that had previously been one of judicial creation." However, in the absence of argument on the issue, we do not reach the issue whether the statutory scheme of probation casts doubt on the propriety of the practice of placing convictions on file with conditions.

[14]This does not affect cases where the conviction was revived for the purpose of sentencing after a related offense has been reversed on appeal. See, e.g., *Commonwealth* v. *Bianco*, 390 Mass. at 259.