## COMMONWEALTH *vs.* LINDA PELLETIER.

No. 03-P-996.

Suffolk. June 1, 2004. - September 24, 2004.

Present: CYPHER, SMITH, & DOERFER, JJ.

*Practice, Criminal,* Sentence, Plea, Indictment.

This court concluded that where a judge sentenced a criminal defendant on certain indictments and placed another indictment on file with a change of plea to guilty on the understanding that the district attorney could later move to bring that indictment forward for sentencing pursuant to the parties' plea agreement, it was appropriate for a second judge who heard such motion brought by the district attorney to enforce the plea agreement between the defendant and the Commonwealth. [146-147]

INDICTMENTS found and returned in the Superior Court Department on September 29, 1999.

Following pleas of guilty, a motion to bring a case forward for sentencing was heard by *Peter M. Lauriat,* J.

*Thomas C. Foley* for the defendant.

*Anne M. Thomas,* Assistant District Attorney, for the Commonwealth.

DOERFER, J. The defendant, a paralegal at a Boston law firm, stole over $650,000 of client trust funds. She pleaded guilty on January 27, 2000, to three counts of larceny and two counts of uttering. On one count of uttering and two counts of larceny she was sentenced to consecutive sentences of two years in a house of correction. On one count of uttering the judge (plea judge) sentenced her to a consecutive term of probation for four years. The judge then placed the remaining larceny indictment (fifth indictment) on file with the defendant's consent. Other pending indictments were placed on file without a change of plea.

In connection with her original pleas of guilty, the defendant and the Commonwealth entered into a written plea agreement

which was filed with the court. In substance, pursuant to the plea agreement the parties agreed that the defendant should be incarcerated for three years and that she should not request to be released on parole "until she ha[d] completed three years of incarceration." Pursuant to paragraph seven of the plea agreement, the fifth indictment was placed on file with a change of plea to guilty on the understanding that the district attorney could move to bring that indictment forward and request a sentence be imposed to ensure that the defendant served three full years of incarceration.[1,2] On February 13, 2002, without notice to the district attorney, the defendant was granted parole after having served only two years of her sentence.

On September 11, 2002, the Commonwealth filed a motion to bring the case that had been placed on file (with a change of plea to guilty) forward for sentencing. After a hearing on April 9, 2003, a Superior Court judge (motion judge) allowed the motion and, after a sentencing hearing, sentenced the defendant to one year to one year and a day in State prison.

*Enforceability of the plea agreement.* The agreement in question was between the Commonwealth and the defendant. The court was not a party. Nevertheless, the judge had the authority to follow the recommendation that the Commonwealth was bound by the agreement to make if, in his discretion, the recommendation was a sound one. The motion judge, in following the Commonwealth's recommendation, was not, as argued by the defendant, imposing a "sentence" issued by the plea judge, but rather was imposing a sentence that he deemed complied with the intent of the plea judge and the parties to the agreement.[3] A judge should give due regard to a plea agreement. See *Com-*

---

[1]Under 120 Code Mass. Regs. § 301.03 (1997), an inmate may waive the initial parole release hearing or any review hearing.

[2]As part of the plea agreement, the Commonwealth agreed to not oppose a motion to revise and revoke in the event that the defendant was denied parole after being incarcerated for three years. We need not explore the well known limitations on a judge's power to revise and revoke of which we assume the parties were aware. See, e.g., *Commonwealth* v. *McGuinness*, 421 Mass. 472, 476 n.4 (1995).

[3]The defendant places too much reliance on the motion judge's statement that he felt bound by the plea judge's disposition. In context, it appears that he was giving due deference to the obvious intent of the plea judge and even more importantly, to the intent of the parties to the plea agreement.

*monwealth* v. *Santiago*, 394 Mass. 25, 28 (1985). As occurred here, the appropriate place for enforcement of a plea agreement is the underlying case. *Doe* v. *District Attorney for the Plymouth Dist.*, 29 Mass. App. Ct. 671, 676-677 (1991). Although claims for enforcement of a plea agreement are usually made by a defendant who alleges that he has performed or relied to his detriment on the agreement, *id.* at 673, there is every reason to enforce a plea agreement against a defendant where, as here, the Commonwealth has made concessions in a recommendation with aspects favorable to the defendant, which the sentencing judge adopted.[4] See *Commonwealth* v. *Lima*, 29 Mass. App. Ct. 490, 498 (1990); Smith, Criminal Practice and Procedure § 1208, at 710 & 712 n.1.10 (Supp. 2004).

The judge had the power to bring forward an indictment which had been placed on file with a change of plea and impose a sentence. See *Commonwealth* v. *Bianco*, 388 Mass. 358, 364-365, 370 (1983). It was perfectly appropriate for the judge to use this mechanism on the motion of the district attorney to enforce the plea agreement between the defendant and the Commonwealth.

By imposing a sentence on a filed case, the judge's action did not, as argued by the defendant, interfere with the executive function of the parole board. Cf. *Commonwealth* v. *Amirault*, 415 Mass. 112, 117 (1993). This is not a case where a judge is nullifying a discretionary act of the parole board. The judge did not take any action relating to any sentence being served by the defendant over which the parole board had jurisdiction.

*Judgment affirmed.*

---

[4]The Commonwealth acceded to the request of the defendant to serve her time in a house of correction, not in a State prison.