COMMONWEALTH vs. AARON D. DEAN-GANEK.

Suffolk. October 4, 2011. - January 12, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Practice, Criminal,* Plea, Sentence.

This court concluded that the Commonwealth does not have the authority under Mass. R. Crim. P. 12 to require a judge to vacate a criminal defendant's guilty plea in circumstances where the Commonwealth had made a charge concession as part of the plea agreement and the judge had imposed a sentence less severe than the agreed sentence recommendation; further, this court concluded that if the guilty plea were to be vacated at the prosecution's request and over the objection of the defendant, principles of double jeopardy would bar further prosecution on that charge. [308-315] SPINA, J., concurring in part and dissenting in part.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 22, 2010.

The case was reported by *Ireland,* J.

*Catherine Langevin Semel,* Assistant District Attorney (*Jessica M. Strasnick,* Assistant District Attorney, with her) for the Commonwealth.

*Linda A. Harvey* for the defendant.

*Daniel F. Conley,* District Attorney, & *Kris Foster,* Assistant District Attorney, for District Attorney for the Suffolk District, amicus curiae, submitted a brief.

GANTS, J. In *Commonwealth* v. *Rodriguez, ante* 256 (2012) (*Rodriguez*), we concluded that where a judge acts on his own timely motion to revise or revoke a sentence under Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), the judge has the authority to reduce a sentence "if it appears that justice may not have been done," regardless of whether a plea agreement includes an agreed sentence recommendation. This case presents the separate but related question whether the Commonwealth has the authority to require a judge to vacate a defendant's guilty plea where

the Commonwealth made a charge concession as part of the plea agreement and the judge imposes a sentence less severe than the agreed sentence recommendation. We conclude that the Commonwealth does not have this authority under Mass. R. Crim. P. 12, as appearing in 442 Mass. 1511 (2004), or G. L. c. 278, § 18. We further conclude that if the guilty plea were to be vacated at the prosecution's request and over the objection of the defendant, double jeopardy would bar further prosecution on that charge.[1]

*Background.* The defendant, Aaron Dean-Ganek, was charged in a criminal complaint with a single count of armed robbery, in violation of G. L. c. 265, § 17. The prosecutor and the defendant, through his attorney, entered into a plea agreement in which the Commonwealth agreed to enter a partial nolle prosequi to reduce the armed robbery charge to the charge of larceny from a person[2]; the defendant would plead guilty in the District Court to the reduced charge; and the defendant would agree to the Commonwealth's sentencing recommendation of two years in a house of correction, six months to be served with the balance suspended for two years. In addition, the defendant agreed that, on his release on probation, his whereabouts would be electronically monitored through a "bracelet" for six months; he would continue with psychological evaluation and treatment; he would stay away from the victim; and he would pay $220 in restitution jointly and severally with his codefendants. Also under the agreement, the Commonwealth would dismiss an unrelated charge of leaving the scene of property damage.

At the beginning of the plea hearing, the judge asked whether it was "an agreed upon disposition"; defense counsel said that it was and outlined the contours of the agreed sentence recommendation.[3] After the judge's colloquy with the defendant and

---

[1]We acknowledge the amicus brief submitted by the district attorney for the Suffolk district.

[2]Larceny from a person, which is defined by G. L. c. 266, § 25 (*b*), is a lesser included offense of armed robbery. Compare G. L. c. 266, § 25 (*b*) ("Whoever commits larceny by stealing from the person of another . . ."), with G. L. c. 265, § 17 ("Whoever, being armed with a dangerous weapon, assaults another and . . . steals . . . from his person money or other property which may be the subject of larceny . . .").

[3]The tender of plea or admission and waiver of rights form reflected that

the prosecutor's recitation of the facts that would be proved at trial, the judge accepted the guilty plea and found that the defendant had pleaded guilty knowingly, intelligently, and voluntarily, and that there was a factual basis for the plea. The prosecutor then filed with the court a document confirming its partial nolle prosequi of the armed robbery charge.

The judge immediately proceeded to the sentencing hearing. The judge had learned during the plea colloquy that the defendant was a nineteen year old high school student who suffered from bipolar disorder, Asperger's syndrome, and attention deficit hyperactivity disorder. At the sentencing hearing, the judge learned that the defendant had a substance abuse problem but no prior record.[4] The judge called counsel to sidebar and the sentencing hearing was adjourned until "[f]urther call."[5] When the sentencing hearing reconvened later that day, the Commonwealth was represented by a different prosecutor, who had negotiated the plea agreement with the defendant. The prosecutor claimed that the partial nolle prosequi that had reduced the charge from armed robbery to larceny from a person was "contingent" on the judge's accepting the agreed sentence recommendation. The prosecutor asked the judge to impose the agreed sentence recommendation or, in the alternative, to "reject the plea" that the judge had just accepted and "put the parties back in the same position they were prior to the plea," with the defendant still facing the armed robbery charge. The judge noted that "a nolle prose[qui] is the prosecutor's unilateral prerogative," that the parties had presented the partially nol prossed charge of larceny from a person with no conditions, and

the prosecutor had committed to a partial nolle prosequi to reduce the charge from armed robbery to larceny from a person and set forth the agreed sentence recommendation. The form made no reference to the prosecutor's agreement to dismiss the unrelated charge of leaving the scene of property damage. Nor was the judge informed of this aspect of the agreement during the plea colloquy. When the judge asked the defendant whether anyone had forced, threatened, or promised him anything in return for his plea of guilty, the defendant responded, "No." Neither the prosecutor nor defense counsel corrected the record to inform the judge of the terms of the plea agreement.

[4]It was also in the sentencing hearing that the judge learned that the unrelated charge of leaving the scene of property damage would be dismissed as part of the resolution of the larceny case.

[5]The sidebar conversation was inaudible and not memorialized in the transcript.

that the judge had accepted the defendant's plea to larceny from the person. The judge then imposed a sentence of two years in a house of correction, suspended for two years, with all of the other conditions included in the agreed recommendation.

The Commonwealth filed a petition under G. L. c. 211, § 3, asking a single justice to vacate the defendant's sentence, to vacate the order of the District Court "precluding the Commonwealth from withdrawing its consent to the defendant's plea," and to "[r]emand the case for resentencing." On November 9, 2010, the single justice reserved and reported the case to the full court.

*Discussion.* The Commonwealth argues that rule 12 does not preclude the Commonwealth from withdrawing "its consent to a plea" where the judge imposes a sentence less severe than an agreed sentence recommendation. We rejected this argument in *Rodriguez, supra* at 258-259, where we declared:

> "The procedure for tendering a guilty plea and sentencing a defendant who has pleaded guilty is governed by Mass. R. Crim. P. 12 . . . and G. L. c. 278, § 18.[6] In all criminal cases where the Commonwealth and the defendant have entered into a plea agreement, the judge must be informed of the substance of the agreement that is contingent on the plea. Mass. R. Crim. P. 12 (b) (2). Where a plea agreement includes a sentence recommendation, whether it be a recommendation by the prosecutor that the defendant is free to oppose or an agreed recommendation made jointly by the prosecutor and defendant, a judge is required to inform the defendant that the judge 'will not impose a sentence that exceeds the terms of the recommendation without first giving the defendant the right to withdraw the plea.' Mass. R. Crim. P. 12 (c) (1) (A). Neither rule 12 nor G. L. c. 278, § 18, declares that a plea may be vacated or that the Commonwealth may be released from its obligations under a plea agreement where a judge imposes a sentence below that recommended by the prosecutor, even where there is an agreed recommendation in a plea agreement. Rather, where a plea agreement

---

[6]The procedure set forth in G. L. c. 278, § 18, applies only in the District Court, the Boston Municipal Court, the Juvenile Court, and a District Court sitting in a juvenile session, not in the Superior Court.

includes an agreed recommendation, rule 12 (b) (1) (B) requires that the recommendation be made 'with the specific understanding that the recommendation shall not be binding upon the court.' In short, rule 12 protects a defendant from the risk that the judge will exceed the prosecutor's recommendation, but does not protect the Commonwealth from the risk that the judge will impose a sentence below the prosecutor's recommendation."

Apart from misinterpreting rule 12, the Commonwealth makes a fundamental error in assuming that its "consent" is required for a defendant's tender of a guilty plea. Once, as here, the Commonwealth has exercised its prerogative partially to nol pros a criminal charge and reduce it to a lesser charge, the charge before the judge is the lesser charge and a defendant is entitled to plead guilty to that charge without the Commonwealth's consent. A defendant must consent to a guilty plea because he relinquishes his constitutional right to trial by pleading guilty. The Commonwealth relinquishes nothing where a defendant pleads guilty; it has simply obtained the guilty finding it would have sought at trial without the time and expense of a trial. Therefore, in a plea colloquy, the Commonwealth's only role is to provide the factual basis for the charge; at no point does the judge ask for or need the Commonwealth's consent.

The Commonwealth's consent to a plea is relevant only where a defendant unilaterally attempts to plead to a lesser offense, thereby impermissibly modifying the prosecutorial charging decision, see *Commonwealth* v. *Pelletier*, 449 Mass. 392, 398-399 (2007) (judge may not accept defendant's plea to lesser included offense over objection of Commonwealth), or where a defendant has committed a breach of the plea agreement, thereby depriving the Commonwealth of the benefit of its bargain. See, e.g., *United States* v. *Donahey*, 529 F.2d 831, 832 (5th Cir.), cert. denied, 429 U.S. 828 (1976) (government entitled to withdraw from plea bargain where defendant is in breach). See also *Ricketts* v. *Adamson*, 483 U.S. 1, 8-9 (1987) (where plea agreement expressly provides that it becomes null and void on defendant's breach and "then the parties shall be returned to the positions they were in before this agreement," double jeopardy clause of United States Constitution not violated when defendant's

earlier plea was vacated after refusal to comply with terms of plea agreement). The Commonwealth does not contend here that the defendant attempted to plead to a lesser charge than the one ultimately prosecuted, or that the defendant committed a breach of the plea agreement.

Where the Commonwealth has entered into a plea agreement and the defendant has honored its terms and relied on the agreement to waive his right against self-incrimination and admit his guilt at the plea hearing, we shall not release the Commonwealth from its obligations under the agreement simply because the judge, who is not a party to the agreement and under rule 12 is not bound by the agreement, did not accept the sentencing recommendation. See *Commonwealth* v. *Dormady*, 423 Mass. 190, 197 (1996), and cases cited ("We have . . . upheld promises made by a district attorney . . . to a defendant who detrimentally relied on the promise"); *Commonwealth* v. *Benton*, 356 Mass. 447, 448-449 (1969) (Commonwealth's promise to enter nolle prosequi as part of guilty plea enforced in accord with "highest degree of ethics"). The Commonwealth should have recognized that its agreed recommendation was made "with the specific understanding that the recommendation shall not be binding upon the court." *Rodriguez, supra* at 258, quoting Mass. R. Crim. P. 12 (b) (1) (B).

The Commonwealth also contends that, by imposing a sentence less severe than the agreed sentence recommendation, the judge violated art. 30 of the Massachusetts Declaration of Rights by effectively usurping the decision-making authority constitutionally allocated to the executive branch.[7] A judge does not "exercise the . . . executive powers" and thereby violate art. 30 by imposing a sentence less severe than an agreed recommendation in a plea agreement. The judge did not deny the prosecutor the opportunity to indict the defendant for armed robbery; nor did the judge reduce the criminal charge brought by the district attorney. See *Rodriguez, supra* at 264; *Commonwealth*

[7]Article 30 of the Massachusetts Declaration of Rights provides: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

v. *Pelletier, supra* at 399, quoting *Commonwealth* v. *Rose*, 54 Mass. App. Ct. 919, 919 (2002) ("Judges 'do not possess authority unilaterally to reduce the level of charge brought by the prosecutor' "); *Baglioni* v. *Chief of Police of Salem*, 421 Mass. 229, 232-233 (1995) ("judge may not nol pros a criminal charge or reduce such a charge without the consent of the prosecutor"). See generally *Commonwealth* v. *Gordon*, 410 Mass. 498, 500 (1991) ("as far back as 1806 this court has held that a nolle prosequi cannot be entered over the Commonwealth's objection").

The prosecutor chose not to seek to indict the defendant for armed robbery and instead agreed to reduce the charge to larceny from a person in return for the defendant's plea to the lesser charge and an agreed sentence recommendation. The reduction in charge was reported to the judge at the beginning of the plea hearing and the judge relied on the partial nolle prosequi in proceeding with the plea hearing, because the District Court judge would not have had jurisdiction over the case if the charge were armed robbery.[8] After the judge accepted the plea, and before the sentencing hearing commenced, the prosecutor filed the document confirming the nolle prosequi with the court. The Commonwealth does not claim, and nothing in the record suggests, that the judge played any role in the prosecutor's decision to nol pros the armed robbery charge, or that the judge even knew of the decision before it was reported to him at the plea hearing.[9] "The judge simply exercised a quintessential judicial power — the power to sentence — and ultimately concluded that the agreed recommendation was more severe than justice permitted." *Rodriguez, supra* at 264.

---

[8] The District Court does not have jurisdiction over "felonies punishable by imprisonment in the state prison for . . . more than five-years." G. L. c. 218, § 26, as amended through St. 2010, c. 74, § 1A. Armed robbery is punishable "by imprisonment in the state prison for life or for any term of years." G. L. c. 265, § 17.

[9] If the Commonwealth's agreement to reduce a charge has been made contingent on the judge's sentencing the defendant to the agreed recommendation, as the prosecutor who negotiated the plea in this case claimed during this defendant's sentencing hearing, the prosecutor is required under Mass. R. Crim. P. 12 (b) (2), as appearing in 442 Mass. 1511 (2004), to inform the judge of this provision of the agreement *before* the tender of the plea. Here, the prosecutor did not inform the judge of any such term of the agreement before the judge accepted the plea.

We recognize that the result could be different under the analogous plea procedure set forth in Fed. R. Crim. P. 11 and in the rules of other States that have adopted provisions comparable to Federal rule 11. But Federal rule 11 differs significantly from our rule 12. As we explained in *Rodriguez, supra* at 261, the primary differences are that, "[i]n contrast with Fed. R. Crim. P. 11, our rule 12 does not identify any plea agreement where the recommendation shall bind the judge," and Fed. R. Crim. P. 11 (c) (3) requires a judge at the plea hearing to accept or reject a "plea agreement" while our rule 12 (c) (5) (B) requires a judge at the plea hearing to accept or reject "the plea or admission," not the plea agreement.[10]

We also note that, if we were to vacate the guilty plea here as the Commonwealth requests, the Commonwealth would be barred by our common-law rule against double jeopardy from prosecuting the defendant for armed robbery. Under our jurisprudence, a guilty plea, once accepted, is a judicial finding of guilt that is as final and as conclusive as a jury's guilty verdict. See *Commonwealth* v. *McCulloch*, 450 Mass. 483, 489 (2008) ("For purposes of finality, it is immaterial that a guilty finding enters following a plea rather than as a result of a trial"); *Commonwealth* v. *Cabrera*, 449 Mass. 825, 830 (2007); *Commonwealth* v. *Given*, 441 Mass. 741, 744, cert. denied, 543 U.S. 948 (2004). "Unlike a sentence, a finding of guilt, once entered, is 'final and irrevocable except through appeal or motion for a new trial.' " *Commonwealth* v. *McCulloch, supra* at 488, quoting *Commonwealth* v. *Gomes*, 419 Mass. 630, 632 (1995). Therefore, "an acceptance of a guilty plea by a judge acts as former jeopardy as to the crime pleaded to as surely as does a finding of guilty by a jury." *Commonwealth* v. *Therrien*, 359 Mass. 500, 503 (1971).[11] Just as the Commonwealth, because of double jeopardy, cannot move to vacate a

---

[10]As in *Commonwealth* v. *Rodriguez, ante* 256, 266-267 (2012) (Spina, J., dissenting), the dissent's description of our plea procedure reflects Fed. R. Crim. P. 11, not Mass. R. Crim. P. 12, as appearing in 442 Mass. 1511 (2004). However, as we said in *Commonwealth* v. *Rodriguez, supra* at 262 n.8, because we respect the concerns raised by the dissent, the Commonwealth, and the amicus district attorney, we shall ask this court's standing advisory committee on the rules of criminal procedure to consider whether amendments to rule 12 are necessary or appropriate and, if so, whether Mass. R. Crim. P. 29, 379 Mass. 899 (1979), should be amended to conform with any such amendments.

[11]We recognize the disagreement in other jurisdictions, and within the

guilty finding of a lesser included offense after trial, and then prosecute the defendant for the greater offense, so, too, it may not move to vacate a guilty finding of a lesser included offense after acceptance of a guilty plea and then prosecute the defendant for the greater offense. See *Ariel A.* v. *Commonwealth*, 420 Mass. 281, 284 (1995) ("a conviction of a lesser included offense bars a later prosecution of the greater offense").[12]

The Commonwealth recognizes this double jeopardy dilemma but attempts to sidestep it by arguing that a guilty plea is not "accepted" until a judge imposes sentence on the defendant. This attempted redefinition of what it means for a judge to accept a guilty plea is contrary to rule 12 (c) (5) (B), which provides that, "[a]t the conclusion of the [plea] hearing, the judge shall state the court's acceptance or rejection of the plea or

circuit courts of the United States Court of Appeals, as to when jeopardy attaches on a guilty plea for purposes of the double jeopardy clause of the Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment to the United States Constitution. *Benton* v. *Maryland*, 395 U.S. 784, 794 (1969). See generally 6 W.R. LaFave, J.H. Israel, N.J. King, & O.S. Kerr, Criminal Procedure § 25.1(d) (3d ed. 2007) (discussing when jeopardy attaches on guilty plea in different jurisdictions). For example, in the United States Courts of Appeals for the Second and Ninth Circuits, jeopardy attaches at the time the judge accepts a tendered plea. See *United States* v. *Patterson*, 381 F.3d 859, 864 (9th Cir. 2004) (jeopardy attached once judge accepted defendant's guilty plea, so judge had no authority to vacate plea on government's motion); *United States* v. *Aliotta*, 199 F.3d 78, 83 (2d Cir. 1999) ("As a general rule, jeopardy attaches in a criminal case at the time the district court accepts the defendant's guilty plea"). In contrast, in the United States Court of Appeals for the First Circuit, "jeopardy [does] not attach when the district court accept[s a] guilty plea . . . without having imposed sentence and entered judgment." *United States* v. *Santiago Soto*, 825 F.2d 616, 620 (1st Cir. 1987). We need not explore this disagreement further, because "[t]his Commonwealth has long had a common law rule against placing a defendant twice in jeopardy," *Thames* v. *Commonwealth*, 365 Mass. 477, 479 (1974), and long-standing precedent that jeopardy attaches on acceptance of a tendered guilty plea. See *Commonwealth* v. *McCulloch*, 450 Mass. 483, 489 (2008); *Commonwealth* v. *Therrien*, 359 Mass. 500, 503-504 (1971); *Commonwealth* v. *Aldrich*, 21 Mass. App. Ct. 221, 224 (1985).

[12]Double jeopardy does not bar continued prosecution where a defendant withdraws a plea under rule 12 (c) after the judge imposes a sentence that exceeds the terms of the recommendation, because the defendant waives his rights against double jeopardy through the withdrawal of the plea. See *Commonwealth* v. *Therrien, supra* at 505 ("defendant voluntarily and knowingly waived the defence of former jeopardy as a bar to further proceedings . . . by retracting his plea").

admission" after determining the voluntariness of the plea and the factual basis of the charge. "After acceptance of a plea of guilty . . . , the judge may proceed with sentencing." Mass. R. Crim. P. 12 (c) (5) (C). In contrast to the Federal rule, which requires a judge considering a plea under Fed. R. Crim. P. 11 (c) (3) to accept or reject a "plea agreement," our rule 12 (c) (5) requires a judge first to accept or reject "the plea or admission" based only on the plea's voluntariness and factual basis, and reserves for sentencing the question whether an agreed recommendation in a plea agreement will be imposed.[13]

The Commonwealth argues that if it has no recourse when a judge imposes a sentence less severe than an agreed recommendation in a plea agreement that includes a charge concession, it will cease making charge concessions and seek convictions on the most serious charges supported by the evidence. There is no question that it is a prosecutor's prerogative to refuse to make any charge concessions and to press for conviction in every case on the most serious charge.[14] But this argument suggests that prosecutors have been making charge concessions on the assumption that judges are *legally obliged* under rule 12 to sentence defendants to agreed sentence recommendations. Because the provisions in rule 12 do not reasonably support such an assumption, it is probably more likely that prosecutors have been making charge concessions based on the

---

[13]Because of double jeopardy and the plea procedure in rule 12, the Commonwealth pragmatically cannot enter into a plea agreement where the reduction in charge is contingent on the judge sentencing the defendant in accordance with the agreed recommendation. Under rule 12 (c) (5) (B) and (C), a defendant will already have pleaded guilty to the lesser charge arising from the Commonwealth's partial nolle prosequi before the judge sentences the defendant. The accepted plea would constitute a final and irrevocable guilty finding as to the lesser offense that would preclude prosecution on the greater offense. See *Commonwealth* v. *Cabrera*, 449 Mass. 825, 830 (2007); *Commonwealth* v. *Given*, 441 Mass. 741, 744, cert. denied, 543 U.S. 948 (2004); *Ariel A.* v. *Commonwealth*, 420 Mass. 281, 284 (1995).

[14]This prerogative, however, should be tempered by a prosecutor's professional obligation to do justice, and by the sound judgment to recognize that justice may not always be done by seeking to maximize the length of a defendant's sentence or by prosecuting the most serious charge, especially where that charge carries a minimum mandatory sentence that may be inappropriately severe in the circumstances. See Mass. R. Prof. C. 3.8 comment [1], 426 Mass. 1397 (1998) ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate").

reasonable expectation that judges *usually will* sentence defendants to agreed sentence recommendations. We doubt that this expectation will be affected by today's decisions. We have no reason to believe that judges commonly impose sentences less severe than agreed sentencing recommendations where the Commonwealth has agreed to a charge reduction, or that they will do so more often as a result of these opinions.

Moreover, where a prosecutor is concerned that an unjustly lenient sentence may result from a plea agreement providing for a partial nolle prosequi and a plea to a lesser charge with an agreed recommendation, the prosecutor can request a conference with the judge before the plea tender where the prosecutor can inform the judge of the contemplated plea agreement, provide the judge with the information relevant to sentencing, and ask whether the judge would be inclined to accept that recommendation. While a judge is not obliged to reveal any inclination before sentencing, many judges may be willing to do so, and a prosecutor need not enter into the plea agreement where the judge is unwilling to do so.[15]

*Conclusion.* We remand the case to the county court for the entry of a judgment denying the Commonwealth's petition.

*So ordered.*

SPINA, J. (concurring in part and dissenting in part). I agree that the defendant's guilty plea, having been accepted, cannot now be vacated at the request of the Commonwealth without violating principles of double jeopardy. However, the Commonwealth also had requested that a single justice of this court vacate the sentence and remand the case for resentencing consistent with the specific sentence set forth in the plea agreement between the Commonwealth and the defendant. I believe the Commonwealth is entitled to this remedy because it would not implicate double jeopardy, the defendant agreed to that outcome,

---

[15]Any assurance a judge provides as to the sentence comes with the caveat, express or implied, that the judge is making a statement of present intention based on the information furnished at the conference and is not bound by the assurance. See *Commonwealth* v. *Rodriguez, supra* at 258, 262.

and for the reasons set forth in my dissent in *Commonwealth* v. *Rodriguez, ante* 256, 265-277 (2012) (Spina, J., dissenting).

The court states "[t]he Commonwealth should have recognized that its agreed recommendation was made 'with the specific understanding that the recommendation shall not be binding upon the court.' " *Ante* at 310, quoting *Commonwealth* v. *Rodriguez, supra* at 258, and Mass. R. Crim. P. 12 (b) (1) (B), as appearing in 442 Mass. 1511 (2004). The plea agreement contained no such specific understanding, and therefore it was not a plea agreement under that subsection. Consistent with decades of practice, the prosecutor *and* the defendant both recognized that their plea agreement was meant to be binding on the judge, if accepted.

The hearing on the plea tender began with defense counsel outlining the terms of the plea agreement. He spoke first about the Commonwealth's charge concession. There was some uncertainty as to whether the parties had intended the defendant to complete level three or level four supervision through the office of community corrections on his release from the house of correction. Defense counsel reported that it was the prosecutor's intent that the defendant be placed on the "bracelet, so it would be level four." Counsel requested a recess to confer with the defendant, and a recess was granted.

After the recess the judge informed the defendant that "[t]he recommendation that your lawyer is going to make is the same that is going to be made by the prosecutor. If I don't *adopt* the joint recommendation that's being made to me, I'm going to allow you to withdraw the plea" (emphasis added). This is not the language used in Mass. R. Crim. P. 12 (c) (2) (A), as appearing in 442 Mass. 1511 (2004).[1] This is language that a judge should, and generally does, use when considering a plea agreement under Mass. R. Crim. P. 12 (b) (1) (H), as appearing

---

[1]Rule 12 (c) (2) (A) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1511 (2004), states:

"Contingent Pleas. If there were sentence recommendations contingent upon the tender of the plea, the judge shall inform the defendant that the court will not impose a sentence that *exceeds* the terms of the recommendation without first giving the defendant the right to withdraw the plea" (emphasis added).

in 442 Mass. 1511 (2004), that is, one that contains an agreed recommendation that binds a judge, if accepted. The judge's statement encompassed precisely what both parties expected to hear, namely, if the judge intended to *deviate* from the agreed recommendation he would make his intention known. Although he stated he would allow the defendant to withdraw his tendered plea, the defendant would have to withdraw his plea tender because he was bound by the terms of the plea agreement. If the defendant did not do so, the Commonwealth could then refuse to file its nolle prosequi. See *Commonwealth* v. *Pelletier*, 62 Mass. App. Ct. 145, 147 (2004).

When the judge signed the tender of plea form, he checked the box indicating he "reject[ed] defendant's tender." This is not consistent with his statement at the hearing, where he said he would "accept the plea." His statement, recorded in the transcript of the plea hearing, is the one we must accept for purposes of double jeopardy, but his written statement on the plea tender form suggests that he understood that the parties intended the agreed recommendation to be binding, if accepted. The judge's written rejection of the plea tender signified his rejection of the plea agreement. Unfortunately, the matter was mishandled and the hearing deteriorated. In the final analysis, the judge effectively modified the terms of the plea agreement by treating it as a nonbinding agreement, thereby usurping the executive function and violating art. 30 of the Massachusetts Declaration of Rights.

The court maintains that "[t]he Commonwealth relinquishes nothing where a defendant pleads guilty; it has simply obtained the guilty finding it would have sought at trial without the time and expense of a trial." *Ante* at 309. The court understates what occurred here. The Commonwealth relinquished the right to proceed to the grand jury and seek a charge of armed robbery in the Superior Court. The Commonwealth relinquished its right not to have the case resolved in the District Court. The Commonwealth relinquished its right to seek a conviction of armed robbery after a trial. The Commonwealth relinquished much, much more than the "nothing" the court posits. *Id.*

The court further illuminates the role of the Commonwealth: "[I]n a plea colloquy, the Commonwealth's only role is to

provide the factual basis for the charge; *at no point does the judge ask for or need the Commonwealth's consent.* The Commonwealth's consent to a plea is relevant only where a defendant unilaterally attempts to plead to a lesser offense, thereby impermissibly modifying the prosecutorial charging decision." *Ante* at 309. The court did indeed ask for the Commonwealth's consent, when it adopted rule 12 (b) (1) (A), and thereby invited charge concessions. "[T]he charge before the judge" was *not*, as the court posits, "the lesser charge" of larceny from the person. *Id.* It was armed robbery. The Commonwealth's consent was needed for a plea to the lesser charge, and the Commonwealth gave its consent on condition that the judge impose the agreed recommendation (provided the judge accepted the plea agreement and the plea tender). The partial nolle prosequi was not filed until after the judge accepted the plea. By not imposing the agreed sentence, or by not announcing that he would not be bound by the agreed recommendation, the judge impermissibly modified the prosecutorial charging decision. See *id.* This was a violation of art. 30.

Contrary to the court's assertion, the defendant was not "entitled" to plead guilty to larceny from the person without the prosecutor's consent. See *id.* As previously stated, he was facing a charge of armed robbery, not larceny from the person; the partial nolle prosequi was not filed until after the defendant's plea had been accepted. The prosecutor's consent to allow the defendant to plead guilty to the lesser included offense was contingent on imposition of the specific sentence agreed to by the defendant and the prosecutor. In addition, a plea hearing cannot proceed without the prosecutor's presentation of a factual basis therefore, either by an informal recitation of facts or by presentation of witnesses. See Mass. R. Crim. P. 12 (c) (5) (A), as appearing in 442 Mass. 1511 (2004); Reporters' Notes to Rule 12, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure at 1438-1439 (LexisNexis 2011-2012).

The court dismisses the Commonwealth's assertion that if it cannot enter into plea agreements that bind a judge (if accepted), it has no incentive to enter into plea negotiations that offer charge concessions. The court offers several reasons. *Ante* at 314-315. The first is that prosecutors have a "professional

obligation to do justice," and "justice may not always be done by seeking to maximize the length of a defendant's sentence or by prosecuting the most serious charge." *Ante* at 314 n.14. The plea agreement in this case was far from unjust. The defendant masterminded a plan to rob an acquaintance. The defendant telephoned the victim and told him he knew where they could buy some marijuana. The defendant and two other men picked up the victim and drove to an empty parking lot. One of the other men, named Wedmore, said the marijuana was in the trunk. When the victim and Wedmore went to the trunk of the car, Wedmore demanded the victim's money, threatening to stab him if he did not surrender his cash. Wedmore then beat the victim until he turned over $220. The victim escaped by running through the nearby woods. There is nothing unjust or oppressive about the plea agreement,[2] negotiations for which spanned several months because defense counsel needed that time to provide certain documents that she asked the prosecutor to consider in plea negotiations. The judge might have had a different view of what was fair and just in the circumstances, but if he disagreed, he simply had to say so and let the parties withdraw the plea agreement and the attendant plea tender.

The court next suggests that prosecutors have been making charge concessions on the mistaken assumption that judges are legally obliged to impose agreed-on sentences, or even the "reasonable expectation that judges usually will sentence defendants to agreed sentence recommendations." *Ante* at 314-315. This will come as somewhat of a surprise to the countless judges, prosecutors, and defense lawyers who, for the past three decades, have conducted themselves with the understanding that judges must reject plea tenders if the judge intends to impose a sentence below the agreed recommendation. Plea tenders have been rejected on innumerable occasions based on this understanding. The prosecutors in this case and in the *Rodriguez* case certainly do not share the court's restricted view of their experience. Moreover, the question here is not whether judges commonly impose sentences less severe than agreed sentencing recommendations. They do not. The question here is whether judges com-

---

[2]The agreement called for a two-year sentence, six months to be served, followed by six months of ankle bracelet monitoring and other conditions.

monly announce in advance whether they will impose a sentence less severe than the agreed recommendation, and allow the parties to withdraw the plea agreement and the plea tender, because they consider themselves required to do so under rule 12. They do, indeed, and that has been the long-standing practice under rule 12 (b) (1) (H). What we have seen in this case and in *Rodriguez* is a new trend.

The court offers prosecutors a way to protect the Commonwealth's interests: request a conference with the judge before entering into a plea agreement and ask if the judge would be inclined to accept the recommendation. *Ante* at 315. A curious feature of this approach is that it allows judges to obtain *in advance* all the necessary information to decide if they will impose the sentence to which the parties propose to agree. I believe that rule 12 already allows this to occur *after* a plea agreement has been made. See *Commonwealth* v. *Rodriguez, supra* at 258-259. However, the court has said judges cannot consider such information until after a plea has been accepted, at which time the court proceeds to sentencing. If this information can be presented to a judge informally before a plea agreement is made, it should be equally presentable after a plea agreement has been made. The solution offered by the court is inconsistent with the court's holding. A second problem this approach creates is that it interjects the judge into the plea bargaining process, a role that is disfavored. See *Commonwealth* v. *Johnson,* 27 Mass. App. Ct. 746, 750 (1989), and authorities cited. Finally, as the court notes, judges need not reveal their intention, but even if a judge is so inclined, it is not binding, as the court further notes. *Ante* at 315 n.15. It should come as no surprise if prosecutors take no comfort in the court's suggestion.

The court makes an unfortunate comment when it says "the Commonwealth's only role [in a plea colloquy] is to provide the factual basis for the charge." *Ante* at 309. The prosecutor here was invited by rule 12 (b) (1) (A) to enter into a plea agreement that included a charge concession. The prosecutor took the serious step of making a substantial and very real charge concession that bound the Commonwealth. She was induced by rule 12 and by long-standing practice to believe that the judge would realize the significance of what she did and

give it meaningful consideration. That meant allowing the process to reverse itself and restore the parties to their original positions if the judge were not inclined to accept the agreement. Instead, the judge gave no meaning to the charge concession that had been invited by rule 12 (b) (1) (A), and which benefited both the District and Superior Courts by disposing of a case without consuming the time needed for a trial. Today's decision tells prosecutors that a concession has no meaning because the prosecutor would have made the charge concession in any event as part of his independent professional responsibility to do justice. Rule 12 effectively slams the door on prosecutors and "silenc[es] the people's elected voice." *Commonwealth* v. *Gordon*, 410 Mass. 498, 501 (1991).

A further complication that arises from the court's interpretation of rule 12 can be seen in this case. Defense counsel was alerted to the judge's inclination to go below the agreed recommendation, and she was thrown immediately into an ethical quandary: should she honor the plea agreement and ask the judge to impose the agreed recommendation, or should she press her client's interests further and urge the judge to impose a sentence lower than what had been agreed? The judge did not discourage defense counsel from requesting a lower sentence, so counsel pursued the latter course and awkwardly hinted that a lower sentence might be more appropriate. Defense counsel dishonored the plea agreement. The problem inherent in the court's reliance on Mass. R. Crim. P. 12 (c) (5) (C), as appearing in 442 Mass. 1511 (2004), is that there is generally little to be said at the "sentencing" stage in cases such as this. See *ante* at 313-314. The parties have exchanged all the necessary information between themselves, and they cannot be perceived as trying to undermine their agreement by arguing forcefully. They fully expect the judge to impose the agreed-on sentence because the judge accepted the plea tender and did not reject the terms of the plea agreement. This is precisely why a judge should elicit all pertinent sentencing information before accepting a plea.

For the foregoing reasons I respectfully dissent. I would direct the single justice to vacate the sentence and order imposition of the agreed recommendation. See *Commonwealth* v. *Pelletier*, 62 Mass. App. Ct. 145, 147 (2004).