The defendant was charged with two counts of receiving stolen property and two counts of habitual offender penalty enhancements. He reached a plea agreement with the Commonwealth and, on September 8, 2016, pleaded guilty to one count of receiving stolen property. As part of the agreement the Commonwealth moved to dismiss the three remaining counts. Eight days later, at what was supposed to be the sentencing hearing, the defendant moved to withdraw the guilty plea on the ground that he had misunderstood how much credit he would get for time served since his arrest on the instant charges, because he would not be given credit for six months of that time, which was a sentence imposed as a result of a revocation of probation on a prior conviction which he violated by his commission of the offenses charged in this case. The judge allowed his motion to withdraw his guilty plea, and vacated his order dismissing the three other counts.
Three days later, on September 19, 2016, the day trial was supposed to begin, the defendant changed his mind again. The Commonwealth was still willing to offer the original deal, and so the defendant changed his plea to guilty on one count of receiving stolen property, the judge accepted the plea, and the judge on the Commonwealth's motion once again dismissed the other three charges. The parties presented the court with a joint recommendation for a sentence of three and one-half years to three and one-half years and one day. The judge accepted the recommendation and imposed that sentence. Subsequently, the defendant filed a motion to revise and revoke and a supplemental motion to revise and revoke alleging that the lengthy board of probation record (CORI) that had been before the judge at sentencing included an open District Court case from Brockton that was not his. (That case was never mentioned at any of the three hearings.) In addition, the CORI did not contain a case in which the defendant was convicted, twenty-nine years earlier in 1987, and sentenced to six to ten years in State prison. In support of these allegations, he attached letters addressed to him from Cathy Lynch, a paralegal at Plymouth County Inmate Legal Services, which noted the errors. The judge denied the motion adding a notation that read, "Any claimed erro[r]s in defendant's board of probation record would not [a]ffect the sentence imposed."
On appeal, the defendant argues that the judge erred and was required to hold an evidentiary hearing on, and to allow, his revise and revoke motion because the CORI he had before him at the time of sentencing was incorrect and that the judge's consideration of it violated due process.[2] See Commonwealth v. LeBlanc, 370 Mass. 217, 221 (1976) ("Due process would require resentencing if the sentencing judge had relied on information which was inaccurate or misleading ...").
First of all, it is not clear whether the judge ever relied on a faulty CORI. In her letter to the defendant concerning the open District Court matter out of Brockton, Lynch wrote that she had already called the court to resolve the issue and would "check in a couple of days" to make sure the open case no longer appeared on the defendant's record. This letter was dated March 10, 2016, approximately six months before the first hearing in this case.
In any case, even assuming the judge had an incorrect CORI in front of him when he imposed the sentence, he accepted a recommendation of the parties as to the appropriate sentence. The defendant has an extraordinarily long record of which the judge was aware at the time of sentencing. Of course he should not have considered any charge that was not associated with the defendant, but the judge concluded in reviewing the motions that, even if the error the defendant described was made on the CORI, it would not have affected the sentence he imposed. We interpret this as meaning that the judge, in sentencing the defendant, did not rely on any inaccurate information. We see no abuse of discretion in that conclusion, nor in the judge's denial of the motions to revise and revoke.
Beyond that, the defendant's arguments are all about the reinstatement after the withdrawal of his original guilty plea of the three charges that the judge had dismissed. To begin with, prosecution of the defendant on those counts would not have been double jeopardy. Although, ordinarily, "jeopardy attaches on acceptance of a tendered guilty plea," Commonwealth v. Dean-Ganek, 461 Mass. 305, 312 n.11 (2012), a defendant "waive[s] the defence of former jeopardy as a bar to further proceedings ... by retracting his plea." Commonwealth v. Therrien, 359 Mass. 500, 505 (1971). It is therefore clear that the Commonwealth could have obtained new indictments on each of these charges. The defendant argues that that is what the Commonwealth was required to do, and that the judge could not vacate an order of dismissal and resuscitate what were dismissed charges.
We need not decide the issue, as it is moot. The defendant was not convicted of any of these offenses and indeed they were dismissed as part of the plea agreement between the Commonwealth and the defendant. One way or another, prior to entering his ultimate guilty plea in this case, he faced trial on those three charges, so even if there was a procedural irregularity that the Commonwealth would properly have had to fix in order to proceed against him, where the Commonwealth did not proceed against him but rather agreed to drop the charges altogether, the defendant has not shown prejudice from any error.
Judgment affirmed.
Orders denying motion to revise and revoke and supplemental motion to revise and revoke affirmed.

In the trial court, the defendant did not move for an evidentiary hearing. He only requested the judge to "reconsider the defendant's criminal history, including prior convictions vacated," and to "reconsider the sentence imposed." Had the defendant moved for one, in light of our analysis below, denying this motion would not have been in error.