The defendant, Lavester Harris, appeals from the denial of his third motion for new trial. See Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). The defendant contends that the judge abused her discretion when she determined that the defendant waived the opportunity to refile a motion for new trial after he agreed to withdraw his previously-filed motion in exchange for a favorable disposition of probation violations. We affirm.
Background. We summarize the procedural background as set forth in the record and reflected in the motion judge's thorough and well-reasoned memorandum of decision denying the defendant's third motion for new trial. In April, 2008, the defendant was convicted of possession with intent to distribute cocaine, subsequent offense (count 1), and committing a drug violation in a school zone (count 2). He was sentenced to ten years to ten years and one day on count 1, and two and one-half to five years on count 2, to be served from and after the sentence on count 1. Annie Dookhan was the primary chemist who performed the drug analysis at the William A. Hinton State Laboratory Institute.
The defendant filled a motion for a new trial in 2009, alleging error under Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009). The motion was allowed in October, 2010.
The case was scheduled for retrial but continued for two years. According to the motion judge, the Commonwealth filed a supporting affidavit in connection with its motion to continue that asserted that Dookhan would be "permanently unable to testify," and that she had recently resigned from her position "after irregularities were discovered in her compliance with protocols."[2] In April, 2012, the drugs were retested and a new analyst determined the drugs were cocaine with a net weight of 11.68 grams.[3]
In May, 2012, the defendant pleaded guilty to unlawful possession of a class B controlled substance with intent to distribute-a lesser included offense of count 1-and to the school zone violation. In exchange, the Commonwealth agreed to nolle prosse the enhancement portion of count 1. The judge sentenced the defendant to a period of incarceration, with the balance suspended for one year and terms of probation on count 1, and a five year to five years and one day committed term on count 2. With credit for time served, the defendant was released from prison in August, 2012, subject to terms of probation.
In January, 2013, a notice of surrender issued for violation of the defendant's probation. In July, 2013, the notice of surrender was amended to add new charges as an additional probation violation.
The defendant then filed his second motion for a new trial to relieve him of his 2012 pleas. Specifically, counsel filed an affidavit stating that at the time of the pleas, the defendant was "unaware that Ms. Dookhan mixed various batches of drugs to be tested, thereby casting doubt upon the integrity of the sample and making it impossible for the Commonwealth to prove that the batch associated with this case has not been tampered with. The information that Ms. Dookhan intentionally mixed batches was not generally known or divulged until months after this plea." The defendant also filed an affidavit stating that he would have gone to trial "if [he] had understood that Ms. Dookhan's misconduct made her unavailable for trial and may have forever tainted the evidence in [his] case."[4]
A hearing was scheduled for October 25, 2013. Before the hearing on the second motion for new trial, the Commonwealth and the defendant entered into an agreement. In exchange for the defendant withdrawing the motion and admitting to the probation violations, the Commonwealth agreed to the defendant's immediate release from custody and termination of his probation. The judge found the defendant in violation of his probation and terminated his probation. The defendant was released.[5]
The defendant filed his third motion for new trial on January 29, 2016, after the decisions in Commonwealth v. Scott, 467 Mass. 336 (2014), and Bridgeman v. District Attorney for the Suffolk Dist., 471 Mass. 465, 476 (2015) (Bridgeman I ), issued. In the affidavit accompanying the third motion for new trial, the defendant averred that his pleas should be vacated because he was unaware at the time of the pleas that Dookhan would be unable to testify, and was unaware that she had adulterated samples-the same reasons previously advanced in his affidavits filed with his second motion for new trial. He also argued that his motion should be allowed as a matter of public policy. The motion was denied on the grounds that the defendant had waived his "Dookhan motion" when he withdrew the second motion for new trial.
Discussion. The defendant claims the judge abused her discretion in denying his third motion for a new trial. The defendant maintains that (1) he did not waive his Dookhan motion when he agreed to withdraw his second motion for new trial in exchange for his release from custody and probation termination; (2) the judge should have conducted a colloquy sua sponte; and, (3) the waiver of a motion for new trial in a Dookhan matter violates public policy.
"The decision to allow a motion for a new trial lies within the sound discretion of the trial judge." Commonwealth v. Hung Tan Vo, 427 Mass. 464, 467 (1998). "The judge's disposition of the new trial motion will not be reversed unless it is manifestly unjust ...." Ibid.
1. Waiver. The judge did not abuse her discretion in concluding that the defendant made a knowing and voluntary decision to waive his motion for new trial in exchange for his immediate release from custody and termination of his probation. At the time he withdrew the second motion, the defendant faced the remainder of a two and one-half year sentence if found in violation of his probation.[6] At the end of the October 25, 2013, hearing, in exchange for his agreement to withdraw the second new trial motion, he was released. Both parties benefited from the bargain, in much the same manner as they would in a plea. "[T]here is every reason to enforce a plea agreement against a defendant where, as here, the Commonwealth has made concessions in a recommendation with aspects favorable to the defendant, which the judge adopted." Commonwealth v. Pelletier, 62 Mass. App. Ct. 145, 147 (2004). For similar reasons, there is every reason to enforce the agreement made in open court when the defendant withdrew his second motion for new trial.
The defendant states that the judge did not inform him that he was withdrawing his second new trial motion at the revocation hearing. The judge's conclusion in her memorandum and order on the third motion for new trial that the defendant knew that he was withdrawing his motion is fully supported by the record. At the outset of the revocation hearing, the probation officer stated that the Commonwealth came to an agreement with the defendant and his attorney that "[the defendant] will not go forward with a Dookhan new trial [motion] if we were to-if he were to agree today to be found in violation and then to have his probation terminated." Although the judge did not explicitly state the quid pro quo between the parties on the record, it was evident that the defendant's release would be on the terms stated by the probation officer. The defendant submitted an affidavit in support of his third motion for new trial stating that it was his understanding that he was being released from custody in return for the withdrawal of his new trial motion.[7] The defendant's attorney filed a notice of withdrawal stating that "an agreement ha[d] been reached with the [Commonwealth] and, in conjunction with that agreement, Defendant hereby withdraws his Motion."[8] At the time the parties appeared at the surrender hearing, both counsel and the defendant knew that Dookhan's misconduct included possible contamination of the drug samples, as evidenced by their own affidavits. The Commonwealth had advised the defendant that Dookhan would not testify.
In addition, Scott, 467 Mass. 336, was argued before the Supreme Judicial Court only fourteen days earlier, on October 10, 2013, and neither party knew how the court would rule. This left the defendant with a choice. He could either go forward on the motion, and risk reincarceration if he were unsuccessful, or accept the proposed resolution. Thus, the judge could permissibly conclude that the defendant chose to take the proverbial bird in the hand with full knowledge that there was a basis in fact for challenging the admissibility of the drug samples in a future trial were his motion granted. The judge did not abuse her discretion in determining that the defendant had not raised a substantial issue warranting further hearing. See Mass.R.Crim.P. 30(c)(3).
2. Colloquy. The defendant now maintains that at the hearing on October 25, 2013, the judge should have, sua sponte, conducted a colloquy to ensure that he was aware that he was waiving his right to refile his postjudgment motion. A colloquy is required for a plea or admission to sufficient facts, for trial on a stipulated record, or to waive a jury trial. See Ciummei v. Commonwealth, 378 Mass. 504, 509 (1979) ; Commonwealth v. Evelyn, 470 Mass. 765, 769-770 (2015). A colloquy is also required when a defendant waives his right to assistance of counsel. See Commonwealth v. Cavanaugh, 371 Mass. 46, 53-55 (1976) ; Commonwealth v. Means, 454 Mass. 81, 89-93 (2009). Here, unlike a plea, the defendant did not waive any of the three constitutional rights guaranteed at trial by withdrawing his motion. See Ciummei, supra. The judge was not required to conduct a colloquy sua sponte. See Commonwealth v. Lopez, 447 Mass. 625, 629 (2006) (colloquy not required where defendant testifies in his own defense); Commonwealth v. Glacken, 451 Mass. 163, 169-170 (2008) (no colloquy required where defendant elects not to testify in his own defense); Evelyn, supra at 768-769 (colloquy not required when defense counsel admits guilt in opening statement).
3. Public policy. The defendant maintains "Dookhan claims are not like any other postconviction claims; they are entitled to significant procedural safeguards akin to constitutional claims." As a result, he contends, he should have his motion heard anew. We decline to extend relief beyond those boundaries defined by the Supreme Judicial Court in Bridgeman v. District Attorney for the Suffolk Dist., 476 Mass. 298, 306 & n.8 (2017) (Bridgeman II ). Those boundaries were set by the Supreme Judicial Court under its general superintendence powers, see G. L. c. 211, § 3, which are reserved to that court.
For the first time in his reply brief, the defendant submits that in the wake of Bridgeman II, and the order of the single justice of the Supreme Judicial Court in Bridgeman v. District Attorney for the Suffolk Dist., SJ-2014-0005 (order dated May 22, 2017), he is entitled to a presumption of vacatur and dismissal of charges. See Bridgeman II, supra at 327-328. The defendant claims that the single justice order is dispositive because the defendant is a "relevant Dookhan defendant" whose case was never adjudicated on the merits, and who does not appear in any Letter 2 or Letter 3 list. The Commonwealth maintains that this case has been adjudicated. It further contends that if the case has not been adjudicated, it falls within the exception identified in the single justice order, which states that the "presumption [of vacatur] may be rebutted by the Commonwealth upon a showing of compelling circumstances to excuse the omission of such qualifying disposition from any of the submitted Letter 2 or Letter 3 lists."
The parties did not have the benefit of Bridgeman II at the time the third motion for new trial was decided. See Commonwealth v. Powell, 459 Mass. 572, 586 (2011). No motion on this basis has been considered in the trial court or by the single justice. We decline to address this argument, raised for the first time in a reply brief, see Mass.R.Crim.P. 30(c)(2), and for which no record has been made. Our decision on this point is without prejudice to the defendant's right to seek relief in future proceedings.
Order denying third motion for new trial affirmed.

The defendant has not included this motion in his record appendix, but he does not dispute this fact set forth in the motion judge's memorandum of decision.

The certificate signed by Dookhan stated that the drugs were cocaine with a net weight of 12.50 grams.

He also stated, "If I had known that the drug certificate was potentially flawed, I would not have pleaded to the charges."

On November 13, 2013, defendant's counsel filed a notice of withdrawal of motion for a new trial. The motion was denied as moot.

The defendant had served seven days of the sentence.

Counsel on the third motion for new trial filed an affidavit stating that motion counsel for the second motion for new trial shared this understanding.

The defendant states in his affidavit that he does not believe that he directed his attorney to file the notice of withdrawal. The material question is whether he knowingly agreed to withdraw his motion for new trial in exchange for immediate release, not whether he gave a specific instruction to counsel. Even if the latter question were relevant, "[a] judge is not required to credit assertions in affidavits submitted in support of a motion for a new trial, but may evaluate such affidavits in light of factors pertinent to credibility, including bias, self-interest, and delay." Commonwealth v. Buckman, 461 Mass. 24, 43 (2011). The judge did not credit these assertions.